In the Matter of MYRTLE OHLSON, Petitioner, against CARROLL E. MEALEY, as Commissioner of Motor Vehicles of the State of New York, Respondent.

Supreme Court, Special Term, Queens County, July 16, 1942.

*George M. Levin* for petitioner.

*John J. Bennett, Jr., Attorney-General,* for respondent.

FROESSEL, J. In a proceeding under article 78 of the Civil Practice Act, petitioner seeks an order directed to the State Commissioner of Motor Vehicles "prohibiting him from sus-pending petitioner's license and registration; or in the alternative directing said Commissioner to grant the petitioner a reasonable opportunity to comply with the provisions of article 6-A of the Vehicle and Traffic Law." The respondent cross-moves for an order dismissing the petition as a matter of law for legal insufficiency.

According to the allegations of the petition, on February 20, 1942 an automobile owned by one Thomas C. Smith collided with a Nostrand avenue street car, then collided with a parked automobile owned by one Monroe Gelb, and then mounted the sidewalk and crushed one Alex Delorme against the automobile owned by the petitioner, which was then not in motion but parked in front of 777 Nostrand avenue, Brooklyn.

In the latter part of March, petitioner received a communication from the Bureau of Motor Vehicles to the effect that by reason of the aforesaid accident, she had become subject to the requirements of the "Safety Responsibility Law;" that if at the time of the accident she was carrying liability and property damage insurance, she should send a notice, Form SR-21, immediately, the filing of which would relieve her of furnishing security and future financial responsibility, and if not insured, she was required to deposit the sum of $2,175 in cash, negotiable securities or by surety bonds, as immediate security to cover any possible judgment arising out of the accident and also to furnish financial responsibility for the future. Said communication also stated that unless the above requirements were complied with prior to April 1, 1942, petitioner's license and registration would be suspended until the said requirements were complied with. The petitioner had not carried any motor vehicle liability insurance, and, therefore, could not comply with the request, nor was she able to comply with the direction to deposit the sum of $2,175 in any form. She did furnish financial responsibility for the future by obtaining a policy of liability insurance.

Her attorney then sought an extension of time to enable petitioner to obtain releases from the various parties involved in the accident, so as to satisfy the requirements of the respondent under the statute. The Metropolitan director of safety responsibility, however, notified him that he could not accede to his request, because the law (Vehicle and Tr. Law, § 94-e, subd. [a]) made it mandatory to suspend petitioner's license and registration "not less than ten days nor more than forty-five days after receipt by him [respondent] of the report or notice of an accident which has resulted in bodily injury or death  *  *  *."

Petitioner then obtained a letter from the attorney for the injured party, wherein said attorney stated that *he* did not intend to sue the petitioner, nor make any claim against her, and that he had no objection to the presentation of his letter to the respondent. Such letter was presented to the respondent, but the petitioner did not obtain the releases required by subdivision (b) of section 94-h of Article 6-A of the Vehicle and Traffic Law from all the parties involved in the accident, and accordingly the respondent notified her, through her attorney, that her license and registration would be revoked. Thereafter, claiming that she needs the use of her automobile for her business, the petitioner obtained an order to show cause containing a stay, and thereby brought on this proceeding to obtain the relief above described.

The respondent concedes that in the case at bar the petitioner may be said to be only technically involved in the accident, but it is his position that he is without power, under the law, to determine the guilt or innocence of the parties to the accident. He contends that the statute compels him to exercise the ministerial duty of requiring security and proof of future responsibility from all non-insured parties in any manner involved in an accident, whether at fault or not, and that he should not be prohibited or restrained from acting in the manner required by law, nor compelled to perform any duty not provided by the law. He contends further that even though this may be an unfortunate case, the legislative intent is clear and relief, if any, must come from the Legislature and not from the courts.

Without passing upon the correctness of the form of procedure here availed of by petitioner in seeking to *prohibit* the respondent from suspending her license and registration (see Third Annual Report of The Judicial Council of The State of New York, 1937, pp. 136 *et seq*.), I am of the opinion that the position of the respondent with respect to the merits of this application must be sustained. The petitioner does not question

the constitutionality of article 6-A, as enacted by chapter 872 of the Laws of 1941. Nor does she raise any question as to the amount of the deposit fixed by the Commissioner. She merely urges that it is obvious that she is not liable for the accident and, therefore, her license and certificate of registration should not be suspended; and in any event she should have more than the ten- to forty-five-day period (§ 94-e, subd. [a]) to afford her an opportunity to comply with the provisions of the law. But under the provisions of said statute, the respondent is given no discretion in the matter, for it is there provided: "Not less than ten days nor more than forty-five days after receipt by him of the report or notice of an accident which has resulted in bodily injury or death, or in damage to the property * * * in excess of twenty-five dollars, the commissioner shall *forthwith suspend* the license of any person operating, and the registration certificates and registration plates of any person *owning,* a motor vehicle *in any manner involved in such accident* unless and until such operator * * * or owner or both shall have previously furnished or immediately furnishes security sufficient * * * to satisfy any judgment or judgments for damages resulting from such accident as may be recovered * * * and unless and until such owner or operator * * * or both shall immediately furnish and thereafter maintain proof of financial responsibility in the future * * *." (Italics supplied.)

This language is obviously mandatory in character. The statute speaks of a motor vehicle "in any manner involved" regardless of who may be negligent. The Commissioner is given no discretion to pass upon any question of negligence or freedom from negligence. Even parked cars may be the cause of accidents (*Rosen* v. *Leibowitz Pickle Works, Inc.,* 257 App. Div. 855; motions for leave to appeal to Court of Appeals denied, 257 App. Div. 963 and 281 N. Y. 889); but whether they are or not is of no concern to the Commissioner, so long as they are "involved." Such is the command of the statute, and however harsh it may be in any particular case, its commandment must be obeyed.

It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose. (*People* v. *Rosenheimer,* 209 N. Y. 115, 121.) The reasonableness and necessity of regulation of the character provided for in the statute under consideration has long been recognized. As was said by Mr. Justice ROBERTS in *Reitz* v. *Mealey,* (314 U. S. 33),

in sustaining section 94-b of former article 6-A of the Vehicle and Traffic Law: "The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. Some states require insurance, or its equivalent, as a condition of the issue of a license. New York chose to obtain the same end by providing for the revocation or suspension of a license if the holder is adjudged guilty of negligent driving. Section 94-b permits the restoration of the license upon payment or satisfaction of the judgment."

Said section 94-b of former article 6-A was the first step in this type of regulation. Section 94-e of the present article 6-A, with its related sections in said article, is a further step. The Legislature has not yet gone the full way of enacting a "compulsory automobile insurance statute" though the right to enact such legislation was constitutionally upheld in *Matter of Poresky* (290 U. S. 30).

It follows that the application must be denied and the cross-motion granted.