**BALLOW v. REEVES et al.**

Court of Appeals of Kentucky.
March 23, 1951.

O. W. Jenkins, Howard L. Van Arsdale, Louisville, for appellant.

A. E. Funk, Atty. Gen., Hal Williams, Asst. Atty. Gen., for appellee.

CLAY, Commissioner.

This appeal involves the constitutionality of Section 187.330, KRS, being a part of the motor vehicle financial responsibility law. The case has been advanced, but appellant has failed to favor us with a brief.

On January 21, 1950, appellant's automobile, being driven by him, struck and killed a pedestrian in Louisville.

Pursuant to KRS 187.330(1), the Department of Revenue duly notified appellant that his license must be surrendered unless he made a cash deposit of $5,000 or gave evidence of his financial responsibility to that extent within 15 days of the notice. Appellant failed to make the deposit or show his financial responsibility, and the Department undertook to suspend appellant's license. This was required by the statute, which provides: "The Department, within sixty days after receiving the report of the accident as required under KRS 187.320, shall suspend the license of each operator and all registrations of each owner certified as required to deposit security under this section, * * * unless such operator or owner or both shall deposit security in the sum determined by the department as sufficient to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against such operator or owner; provided notice of such suspension shall be sent by the department to such operator and owner not less that ten days prior to the effective date of such suspension and shall state the amount required as security."

Thereafter, as provided in KRS 187.300 (3), appellant filed this action in the Jefferson Circuit Court, and his second amended petition alleged that the law was unconstitu-

142

tional because: (1) it did not provide any hearing before the Department or judicial review concerning the question of appellant's negligence; and (2) it deprives him of the use and enjoyment of his property without due process of law. The lower Court dismissed appellant's petition as amended.

The right to operate a motor vehicle is a privilege, subject to reasonable regulation by the state in the exercise of its police power. Commonwealth v. Harris, 278 Ky. 218, 128 S.W.2d 579. It has generally been recognized that financial responsibility laws constitute both reasonable regulations of the public highways, and proper measures to protect the public safety. See In re Opinion of the Justices, 81 N.H. 566, 129 A. 117, 39 A.L.R. 1023, and Rosenblum et al. v. Griffin, Com'r of Motor Vehicles, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367.

It seems clear the legislature may require, as a condition to the right of operating a motor vehicle, the procurement of insurance or the furnishing of other proof of financial responsibility. See In re Opinion of the Justices, 251 Mass. 569, 147 N.E. 681.

If the legislature may require proof of financial responsibility in advance of the issuance of a license, there seems to be no valid reason why it could not require the same thing of an operator who had been involved in an accident, as the condition upon which he will be permitted to retain his license.

The question of negligence has nothing to do with the matter. The requirement of financial responsibility does not in any sense pre-determine the question of liability, which could only be decided in a judicial proceeding. It simply furnishes an added protection to the public and better assures the safety of our highways, and is not dependent upon the operator's skill or lack of it. The statute is not unreasonable in failing to require a showing of negligence prior to suspension of the license. See Ohlson v. Mealey, 179 Misc. 13, 37 N.Y.S.2d 123, and Rosenblum et al. v. Griffin, Com'r of Motor Vehicles, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367.

With regard to appellant's second point, we do not find that he has been deprived of any property rights without due process of law. Since permission to operate a motor vehicle on the highways of this Commonwealth is not a right but a privilege, suspending the privilege for failure to comply with reasonable regulations is not a denial of due process. See Ratliff v. Lampton, Cal.App., 187 P.2d 421, and Goodwin v. Superior Court of Yavapai County et al., 68 Ariz. 108, 201 P.2d 124, and Heart v. Fletcher, Com'r of Motor Vehicles, 184 Misc. 659, 53 N.Y.S.2d 369.

The judgment is affirmed.