## DEPARTMENT OF PUBLIC SAFETY v. GILLASPIE et al.

### No. 12484.

Court of Civil Appeals of Texas.
San Antonio.

Dec. 10, 1952.

Rehearing Denied Jan. 7, 1953.

Austin F. Anderson and James C. Onion, San Antonio, for appellant.

Harrison & Smallwood, San Antonio, for appellee.

POPE, Justice.

The trial court set aside an administrative order of the Department of Public Safety which suspended a license of an automobile owner under the provisions of the Texas Motor Vehicle Safety-Responsibility Act, Art. 6701h, Vernon's Ann.Civ. Stats. The trial court so ordered because there was no proof that the owner's fault caused the accident. The Department has appealed from that order.

On January 19, 1952, James D. Gillaspie, a fifteen-year-old minor, was driving an automobile owned by his father, D. C. Gillaspie. He was driving the automobile with the permission of his father but not as his agent. He collided with two other vehicles, causing personal injuries to two persons and property damages in excess of $100. See Art. 6701h, § 4. Both the father and son were holders of operator licenses, but they did not have liability insurance nor any other form of security permitted by Article 6701h, § 5(c). The accident was reported, and thereafter, as required by Section 5 of the Act, the Department of Public Safety gave suspension notices to both the father and the son, more than ten days before the effective date of the suspensions and stated that security in the amount of $2,181.82 was required. Neither the son as operator, nor the father as owner, provided evidence of or excuse from compliance with the security requirements, as permitted by Sections 5 and 6 of the Act, and their licenses and the vehicle registration were ordered suspended. Both the father as owner, and the son as operator, appealed from that order, and the County Court at Law No. 2 of Bexar County, after hearing evidence, concluded that the father was in no way at fault nor liable for the injuries and damages, since his son was not driving as his agent. The court set aside the suspension order, insofar as it concerned D. C. Gillaspie, the owner, and enjoined the Department of Public Safety from issuing any further orders affecting D. C. Gillaspie connected in any way with the accident in question. The trial court approved the suspension order, insofar as it concerned James D. Gillaspie, the operator, but reduced the security requirement to $1,190. The Department of Public Safety here urges that the father, as owner, is subject to the suspension order without regard to a predetermination of liability, and the minor son has also appealed on the proposition that the act is invalid for uncertainty, in that it states no standard for fixing the amount of security that may be required after an accident.

The judgment is reversed insofar as it set aside the departmental suspension order against the owner. Section 6 of the act states that the law is inapplicable to an "owner of a motor vehicle if at the time of the accident the vehicle was being operated without his permission, express or implied * * *." The trial court found as a fact that the son had the father's permission, and the department, in obedience to the act, had no choice other than suspension under the terms of the act. But the trial court, in addition to the requirements of the act, held that the department and the court on appeal, must also make a determination of fault as a prerequisite to suspension. The act does not so provide. It undertakes to require security so that in the event fault is later established in a suit instituted for that purpose, the wronged party will not have an empty judgment. The arguments

here summoned against the act as written are similar to those in the past urged against other acts regulating vehicles and registration. Licensing of drivers is the grant of a privilege and not a right. Taylor v. State, 151 Tex.Cr.R. 568, 209 S.W.2d 191; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950; Goodwin v. Superior Court of Yavapai County, 68 Ariz. 108, 201 P.2d 124. Texas, in the exercise of its right to reasonable regulation of highways and vehicles, has long required advance financial security in the case of motor vehicles for hire in the total absence of fault. The validity of such regulation is now settled and beyond dispute. Packard v. Banton, 264 U.S. 140, 44 S.Ct. 257, 68 L.Ed. 596; see Note, 22 A.L.R. 230; Art. 911b, Sec. 13, Vernon's Ann.Civ. Stats. Although the Motor Vehicle Safety-Responsibility Act is new to Texas, and we find no reported cases with reference to it, we find that similar points have been raised in various ones of forty-four other states that adopted such legislation in advance of Texas. Ballow v. Reeves, Ky., 238 S.W.2d 141, 142, states:

"It seems clear the legislature may require, as a condition to the right of operating a motor vehicle, the procurement of insurance or the furnishing of other proof of financial responsibility. See In re Opinion of the Justices, 251 Mass. 569, 147 N.E. 681.

"If the legislature may require proof of financial responsibility in advance of the issuance of a license, there seems to be no valid reason why it could not require the same thing of an operator who had been involved in an accident, as the condition upon which he will be permitted to retain his license.

"The question of negligence has nothing to do with the matter. The requirement of financial responsibility does not in any sense pre-determine the question of liability, which could only be decided in a judicial proceeding. It simply furnishes an added protection to the public and better assures the safety of our highways, and is not dependent upon the operator's skill or lack of it.

The statute is not unreasonable in failing to require a showing of negligence prior to suspension of the license. See Ohlson v. Mealey, 179 Misc. 13, 37 N.Y.S.2d 123, and Rosenblum v. Griffin, Com'r of Motor Vehicles, 89 N.H. 314, 197 A. 701, 115 A.L.R. 1367."

In Ohlson v. Mealey, 179 Misc. 13, 37 N.Y.S.2d 123, 126, it was also declared that fault was not a consideration in administrative enforcement of the New York act. It was there said:

"It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose. People v. Rosenheimer, 209 N.Y. 115, 121, 102 N.E. 530, 46 L.R.A., N.S., 977, Ann.Cas.1915A, 161. The reasonableness and necessity of regulation of the character provided for in the statute under consideration has long been recognized. As was said by Mr. Justice Roberts in Reitz v. Mealey, 314 U.S. 33, 62 S.Ct. 24, 26, 86 L.Ed. 21, decided November 10, 1941, in sustaining Section 94-b of former Article 6-A of the Vehicle and Traffic Law [McKinney's Consol. Laws, c. 71]: 'The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. Some states require insurance or its equivalent as a condition of the issue of a license. * * *'

"* * * The Legislature has not yet gone the full way of enacting a 'compulsory automobile insurance statute' though the right to enact such legislation was constitutionally upheld in Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152."

And in Rosenblum v. Griffin, 89 N.H. 314, 197 A. 701, 703, 115 A.L.R. 1367, it is said:

"From a practical standpoint, if there is fault for an accident, it is reasonable that suspension should follow, and immediately. But provisional finding of fault is indecisive and much less is a charge or claim of fault. Unless in a case where the doctrine of res ipsa loquitur might be invoked, an accident of itself is no evidence of liability for it, and a charge of liability has no tendency to prove it. The determination of a contested claim of fault is usually after a substantial length of time subsequent to the accident. The development of the legislation in meeting the problem of prospective liability, either probable or possible, for an accident, has led to the final policy of ignoring it as a test of suspension."

That the suspension may be ordered without a determination of fault is also held in other cases. Doyle v. Kahl, 242 Iowa 153, 46 N.W. 52; Larr v. Dignan, 317 Mich. 121, 26 N.W.2d 872; Baker v. Fletcher, 191 Misc. 40, 79 N.Y.S.2d 580; Rawson v. Dept. of Licenses, 15 Wash.2d 364, 130 P.2d 876.

■ The Texas act furnishes protection against unreasonable departmental action in fixing the amount of security and guarantees due process by providing for an appeal, a trial de novo in the county or district court, and a stay order. Art. 6701h, § 2, Vernon's Ann.Civ.Stats.; Bourjois v. Chapman, 301 U.S. 183, 57 S.Ct. 691, 81 L.Ed. 1027; Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289; Stockwell v. State, 110 Tex. 550, 221 S.W. 932, 12 A.L.R. 1116; 12 Am.Jur., Constitutional Law, § 611.

■ In the suspension proceedings, the injured or damaged person is not a party and he may not participate or even be concerned with action taken by the department. Fault may be determined in a suit between the parties involved in the accident, in which suit the interested parties may marshal full evidence that will be helpful in placing blame. If fixing of fault were required, conceivably, a departmental hearing which concerns the exercise of a privilege to use public highways, may result in placing fault differently from the court or jury finding where that point is the central inquiry and all interested parties are before the tribunal. If, as is held in the cases outside of Texas, and as has long been the rule in Texas in the case of motor vehicles for hire, one who is entirely blameless and who enjoys a perfect safety record and history, may be required to furnish security before an accident and even before he may get on a highway; we find no difficulty in holding that an equally blameless person may be required to furnish security after an accident and before fault is placed. Escobedo v. State Department of Motor Vehicles, 35 Cal.2d 870, 222 P.2d 1. The State granted D. C. Gillaspie a conditional privilege to use its highways. Art. 6701h, § 4; Prichard v. Battle, Director Motor Vehicles, 178 Va. 455, 17 S.E.2d 393; Surtman v. Secretary of State, 309 Mich. 270, 15 N.W.2d 471.

■ The minor son, as the operator of the vehicle, presents the point that the statute is void for uncertainty in not stating a standard by which the department may estimate any damages and fix the amount of security that it will require after an accident. The point has no merit, since the statute states that the department shall fix the amount of security which shall be sufficient "to satisfy any judgment or judgments for damages resulting from such accident as may be recovered against each operator or owner." The measure of damages used and approved in personal injury and traffic suits is well settled law in the many final opinions and judgments of the Texas Supreme Court. Those rules are certain and established rules.

That part of the judgment of the trial court which set aside the suspension order of the Texas Department of Public Safety as regards D. C. Gillaspie is reversed. The injunction granted by the trial court enjoining the Texas Department of Public Safety from enforcing its suspension order as regards D. C. Gillaspie is dissolved. Judgment is here rendered that the suspension order against D. C. Gillaspie, issued by the Texas Department of Public Safety, is in full force and effect, except that the

amount of security is reduced to the sum of $1,190, and D. C. Gillaspie is granted five days from date hereof to comply with the department's suspension order. The judgment, insofar as it concerns James D. Gillaspie, is affirmed.