### TEXAS DEPARTMENT OF PUBLIC SAFETY, Appellant,

v.

### William JACKSON, Appellee.

No. 12756.

Court of Civil Appeals of Texas.

Galveston.

Nov. 11, 1954.

---

Burke Holman, County Atty. of Harris County, and James R. Gough, Asst. County Atty. of Harris County, Houston, for appellant.

No appearance for appellee.

GRAVES, Justice.

This much of the brief filed herein by the appellant is adopted as the Court's opinion herein:

### Nature of the Case.

Suit by William Jackson against the Texas Department of Public Safety, and others, under the provisions of Section 31, of Article 6687b, Vernon's Ann.Civ. St.; seeking to set aside the action of the Department of Public Safety in refusing a renewal of the chauffeur's license previously held by the plaintiff.

From adverse judgment in the County Court at Law No. 2, of Harris County, the defendant, the Department of Public Safety, appeals.

### Point of Error.

The court erred in excluding certain notices of conviction offered in evidence by the defendant, and incorporated in defendant's bill of exceptions as exhibits 1 to 11, these notices of conviction being part of the records of the Department of Public Safety, and having been expressly held to be admissible in evidence in this type of proceeding.

### Statement.

The plaintiff's petition alleged in Paragraph II that, on or about January 14, 1954, one of the defendants, A. F. Temple, Chief of the Driver's License Division of the Texas Department of Public Safety, acting by and through T. G. Ferguson, Captain of the Driver's Improvement Section, of the Texas Department of Public Safety, denied the extension and renewal of the plaintiff's chauffeur's license, No. 422,765, by letter, on the ground that the operation of a motor vehicle by the plaintiff would be inimical to public safety. The petition further recited that there had been previous court-proceedings relating to this plaintiff before the denial, which was appealed from. A previous appeal had been dismissed, and the present appeal filed, from the order of January 14th. It also recited a purported understanding and agreement between the Department and the plaintiff, which—it was alleged—the Department had violated.

It was also alleged that the plaintiff, although having paid fines on various traffic-charges, was not in fact guilty of such offenses, but had paid the fines as the path of least resistance.

Trial was had in the County Court at Law No. 2, of Harris County, without a jury. The defendants had filed an answer, containing various exceptions to the plaintiff's petition; but, in the absence of a jury, these were waived, and the case proceeded to trial.

On trial, defendant, assuming the burden of proof, offered in evidence eleven Notices of Conviction. These were excluded by the court, on the ground that they were hearsay and not the best evidence, and were then tendered by defendant for pur-

579

poses of its bill of exceptions, for which purpose they were admitted by the court.

Defendant then rested, without offering further evidence. The exhibits are attached to the statement of facts, the exception to this ruling of the court being shown there, rather than in a separate bill of exceptions. Baldacchi v. Goodlet, Tex. Civ.App., 145 S.W. 325, error refused; Boston v. Garrison, Tex.Sup., 256 S.W.2d 67; Department of Public Safety v. Gillaspie, Tex.Civ.App., 254 S.W.2d 180, affirmed, Tex.Sup., 259 S.W.2d 177; Department of Public Safety v. Robertson, Tex.Civ.App., 203 S.W.2d 950, no writ history; Tatum v. Texas Department of Public Safety, Tex.Civ.App., 241 S.W.2d 167, error refused; Article 6687b, Secs. 9, 25(b, c), Sec. 21(a), 3, V.A.T.S.; and 17 Tex.Jur., p. 510, Sec. 203; p. 532, Sec. 216; p. 663, Sec. 280.

## Arguments.

■ The proceeding in question is a statutory one. The grant of a driver's license to operate a motor vehicle has been held in this State, as in others, to be a privilege, and not a right. Department of Public Safety v. Gillaspie, supra. As a privilege, it may be conditioned in such manner as the Legislature sees fit. Such rights to a hearing and review as exist, and the rules for such review, grow out of the statutes, and are derived therefrom. Baldacchi v. Goodlet, supra. There being no property, personal, or civil right, involved, the equity, or prerogative, powers of the courts, are not involved.

The essence of this action is shown in Paragraph II of plaintiff's petition. Plaintiff is appealing under Section 31, of Article 6687b, V.A.T.S., from an order denying a license. The matters thereafter set out in Paragraphs III, through X, are moot, the license from which the preceding appeal and other proceedings were had, having expired by lapse of time.

There being no provision in the statutes whereby a court may require the issuance of any type of provisional-license, or au-

thorize a person to drive an automobile during the pendency of an appeal, the expiration of the license rendered the issues in the then-pending appeal moot, and necessitated a new application. This was duly made and refused, and it is this order, which is being appealed.

Therefore, the only question now before the Court is the propriety vel non of the order of the Department, refusing the issuance of the license. Boston v. Garrison, supra. Such application was made, and was denied, on the ground that the Department had good cause to believe that the operation of a motor vehicle on the highways by the plaintiff would be inimical to public safety and welfare.

Section 9, of Article 6687b, vests the Department with the discretion to grant or refuse a license, under appropriate sets of facts. It has been held that the "trial de novo," provided for in Section 31 of the statute, is governed by the substantial evidence rule, under which the Court cannot substitute its discretion in granting or denying a driver's license for that of the Department, but it must simply determine whether the action of the Department was, or was not, based upon substantial evidence. Department of Public Safety v. Robertson, supra.

Eleven Notices of Conviction were offered in evidence by the defendant, as constituting substantial evidence to support the ruling of the Department. They were excluded by the court on the ground that they were hearsay and not the best evidence, which exclusion was excepted to, and the Notices offered as a bill of exceptions.

The Notices were the only evidence offered by the Department, and no evidence was offered by plaintiff. The exclusion of the notices was thus determinative of the case, and, if error, was necessarily harmful to the appellant.

■ The Notices in question have been expressly held admissible in the case of Tatum v. Texas Department of Public Safety, supra, the theory being that they are official

580

records of the Department of Public Safety. Ibid. Syllabus No. 3. Upon identification by the custodian thereof, they are entitled to admission, and, as an exception to the hearsay rule, are admissible for the truth of the matters therein contained.

It is stated in 17 Tex.Jur., page 663, that, "* * * In general it may be said here that records which public officers are required to keep, or certified copies thereof are admissible in evidence to prove the facts which they show. * *. *"

The appellee is not presently represented by an attorney.

The judgment of the County Court at Law No. 2 of Harris County is reversed and the cause remanded.