MOREHEAD *v.* MISSISSIPPI SAFETY-RESPONSIBILITY BUREAU

No. 40752 January 6, 1958 99 So. 2d 446

414

*Laurel G. Weir,* Philadelphia, for appellant.

*G. Garland Lyell, Jr., Asst. Atty. Gen.,* Jackson, for appellee.

HALL, J.

On September 18, 1956, appellant was the owner of a Ford pickup truck, and while driving the same on the public highway he was involved in an accident which resulted in property damage in excess of $50.

After due notice as required by the statute a hearing was had before the Mississippi Safety-Responsibility Bureau of the Mississippi Department of Public Safety, in which it was shown that the appellant did not have in effect at that time any public liability insurance or property damage insurance, and he was not covered in any manner under the Motor Vehicle Safety-Responsibility Act which is found in Sections 8285-01 through 8285-41. The appellant did not appear at this hearing and offered no evidence whatsoever. Prior to the hearing he did file an accident report but in this report he did not claim that the accident was not his fault, and did not claim that he had any sort of insurance coverage. Following the hearing appellant's driver's license was suspended, and also the registration and certificate of registration and registration plate issued to him were suspended and all of the same were ordered surrendered to the Department of Public Safety, Safety-Responsibility Bureau.

From this order or action of the Bureau, appellant prosecuted an appeal to the Circuit Court of Scott County, said county being the county of his home and place of residence.

At the hearing in the circuit court, the appellant offered to introduce witnesses to prove that he was not guilty of negligence contributing to the accident and the circuit court declined to receive this evidence. At the conclusion of the hearing the circuit court entered a

judgment fully upholding the order appealed from, and from that action appellant brings the case here.

█ █ Appellant argues that under Section 8285-02 (b) he was entitled to a trial de novo on his appeal to the circuit court and that the burden was upon the Department to prove that he was guilty of negligence contributing to the accident, and further that he was entitled to introduce evidence to show that the accident was not his fault and that he was not negligent in any way. We are of the opinion that the hearing before the Department of Public Safety was purely an administrative matter as distinguished from a judicial matter. █ █ The appellant not only did not appear for the hearing there but he did not exhaust his administrative remedy before that Department. █ █ The law is well-settled that where an administrative remedy is provided by statute relief must be sought by exhausting this remedy before the courts will act. Many of the decisions lay stress upon the fact that any other rule would overcrowd the dockets of the courts. 42 Am. Jur., Public Administrative Law, Section 197, p. 580.

In the case of Scott, Mayor v. Lowe, 223 Miss. 312, 78 So. 2d 452, our Court discussed the question of failure to exhaust an administrative remedy and quoted with approval from 42 Am. Jur., Public Administrative Law, Sections 230, 232, to the effect that failure to exhaust an administrative remedy generally precludes resort to the courts.

█ █ In the case of Texas Department of Public Safety v. Jackson, 272 S. W. 2d 577, the Court of Civil Appeals of Texas, in construing the Texas law, which is almost identical with the Mississippi law, said:

''The proceeding in question is a statutory one. The grant of a driver's license to operate a motor vehicle has been held in this State, as in others, to be a privilege, and not a right. Department of Public Safety v. Gillaspie, supra. As a privilege, it may be conditioned in such man-

ner as the Legislature sees fit. Such rights to a hearing and review as exist, and the rules for such review, grow out of the statutes, and are derived therefrom. Baldacchi v. Goodlet, supra. There being no property, personal, or civil right, involved, the equity, or prerogative, powers of the courts, are not involved.

\* \* \*

''Section 9, of Article 6687b, vests the Department with the discretion to grant or refuse a license, under appropriate sets of facts. It has been held that the 'trial de novo,' provided for in Section 31 of the statute, is governed by the substantial evidence rule, under which the Court cannot substitute its discretion in granting or denying a driver's license for that of the Department, but it must simply determine whether the action of the Department was, or was not, based upon substantial evidence. Department of Public Safety v. Robertson, supra.

\* \* \*

''The Notices were the only evidence offered by the Department, and no evidence was offered by plaintiff. The exclusion of the notices was thus determinative of the case, and, if error, was necessarily harmful to the appellant.

''The Notices in question have been expressly held admissible in the case of Tatum v. Texas Department of Public Safety, supra, the theory being that they are official records of the Department of Public Safety. Ibid. Syllabus No. 3. Upon identification by the custodian thereof, they are entitled to admission, and, as an exception to the hearsay rule, are admissible for the truth of the matters therein contained.

''It is stated in 17 Tex. Jur., page 663, that, '\* \* \* In general it may be said here that records which public officers are required to keep, or certified copies thereof are admissible in evidence to prove the facts which they show. \* \* \*' ''

■■ The foregoing is applicable to appellant's position that the records of the Department, properly identified, were not admissible in evidence. In the case at bar the record of the Department's action in revoking appellant's license and the license plates for his car were the only proof submitted by the Department, and we think that the same were properly admitted. ■■ The appellant argues that he was entitled to a trial de novo in the circuit court and that it was incumbent upon the appellee to prove that he was guilty of negligence. We do not think so. The Mississippi statutes make no reference to the necessity, if any, of the Department being obligated to make a finding of negligence on the part of the operator of the motor vehicle and do not authorize the Department to make such a finding. Michigan has a statute very similar to the Mississippi statute except that the Michigan law vests in a branch of the office of the Secretary of State the right to revoke a license; and in the case of Larr v. Dignan, Secretary of State, 317 Michigan 121, 26 N. W. 2d 872, the Michigan Court specifically held that the Secretary of State has no discretion to pass on the question of negligence or freedom from negligence, and in this case the Court said:

"Defendant urges that the provisions of section 3a of the act are mandatory; and that the financial responsibility division of the secretary of State's office has no discretion in the matter. We are in accord with this view.

* * *

"The secretary of State has no authority to pass upon the question of negligence or freedom from negligence. He has no discretion, but is obliged to act as the law provides. If the penalty is harsh as to innocent parties, the relief sought must come from the legislative branch of our government.

"A license to operate a motor vehicle is a privilege granted by the State. In People v. Thompson, 259 Mich. 109, 123, 242 N. W. 857, 861, we said:

" 'In accepting the license (of operating a motor vehicle upon the public highways) from the state, one must also accept all reasonable conditions imposed by the state in granting the license * * * It is elementary law, where special privileges are granted by the state, special duties in connection therewith may be exacted without providing compensation therefor * * * The right to impose the condition is not based upon culpability, but, instead, it is incident to his status as a licensee.'

"See, also, Johnson v. Figy, Commissioner of Agriculture, 314 Mich. 548, 563, 22 N. W. 2d 893."

As we have pointed out, the Texas statute is very similar to the Mississippi statute, and in the case of Department of Public Safety v. Gillaspie, 254 S. W. 2d 180, certiorari denied 347 U. S. 933, 98 L. Ed. 1084, 74 S. Ct. 625, the Court of Civil Appeals of Texas said:

"The judgment is reversed insofar as it set aside the departmental suspension order against the owner. Section 6 of the act states that the law is inapplicable to an 'owner of a motor vehicle if at the time of the accident the vehicle was being operated without his permission, express or implied * * *.' The trial court found as a fact that the son had the father's permission, and the department, in obedience to the act, had no choice other than suspension under the terms of the act. But the trial court, in addition to the requirements of the act, held that the department and the court on appeal, must also make a determination of fault as a prerequisite to suspension. The act does not so provide. It undertakes to require security so that in the event fault is later established in a suit instituted for that purpose, the wronged party will not have an empty judgment. The arguments here summoned against the act as written are similar to those in the past urged against other acts regulating vehicles and registration. Licensing of drivers is the grant of a privilege and not a right. Taylor v. State, 151 Tex. Cr. R. 568, 209 S. W. 2d 191; Depart-

ment of Public Safety v. Robertson, Tex. Civ. App., 203 S. W. 2d 950; Goodwin v. Superior Court of Yavapai County, 68 Ariz. 108, 201 P. 2d 124. Texas, in the exercise of its right to reasonable regulation of highways and vehicles, has long required advance financial security in the case of motor vehicles for hire in the total absence of fault. The validity of such regulation is now settled and beyond dispute. Packard v. Banton, 264 U. S. 140, 44 S. Ct. 257, 68 L. Ed. 596; see Note, 22 A. L. R. 230. Art. 911b, Sec. 13, Vernon's Ann. Civ. Stats. Although the Motor Vehicle Safety-Responsibility Act is new to Texas, and we find no reported cases with reference to it, we find that similar points have been raised in various ones of forty-four other states that adopted such legislation in advance of Texas. Ballow v. Reeves, Ky., 238 S. W. 2d 141, 142, states:

" 'It seems clear the legislature may require, as a condition to the right of operating a motor vehicle, the procurement of insurance or the furnishing of other proof of financial responsibility. See In re Opinion of the Justices, 251 Mass. 569, 147 N. E. 681.

" 'If the legislature may require proof of financial responsibility in advance of the issuance of a license, there seems to be no valid reason why it could not require the same thing of an operator who had been involved in an accident, as the condition upon which he will be permitted to retain his license.

" 'The question of negligence has nothing to do with the matter. The requirement of financial responsibility does not in any sense predetermine the question of liability, which could only be decided in a judicial proceeding. It simply furnishes an added protection to the public and better assures the safety of our highways, and is not dependent upon the operator's skill or lack of it. The statute is not unreasonable in failing to require a showing of negligence prior to suspension of the license. See Ohlson v. Mealey, 179 Misc. 13, 37 N. Y. S. 2d 123,

and Rosenblum v. Griffin, Com'r of Motor Vehicles, 89 N. H. 314, 197 A. 701, 115 A. L. R. 1367.'

"In Ohlson v. Mealey, 179 Misc. 13, 37 N. Y. S. 2d 123, 126, it was also declared that fault was not a consideration in administrative enforcement of the New York act. It was there said:

" 'It must be borne in mind that licensees of motor vehicles take their licenses and accept the privileges thereof subject to such conditions as the Legislature sees fit to impose. People v. Rosenheimer, 209 N. Y. 115, 121, 102 N. E. 530, 46 L. R. A., N. S., 977, Ann. Cas. 1915A, 161. The reasonableness and necessity of regulation of the character provided for in the statute under consideration has long been recognized. As was said by Mr. Justice Roberts in Reitz v. Mealey, 314 U. S. 33, 62 S. Ct. 24, 26, 86 L. Ed. 21, decided November 10, 1941, in sustaining Section 94-b of former Article 6-A of the Vehicle and Traffic Law (McKinney's Consol. Laws, c. 71): ''The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. Any appropriate means adopted by the states to insure competence and care on the part of its licensees and to protect others using the highway is consonant with due process. Some states require insurance or its equivalent as a condition of the issue of a license. * * *''

" ' * * * The Legislature has not yet gone the full way of enacting a ''compulsory automobile insurance statute'' though the right to enact such legislation was constitutionally upheld in Ex parte Poresky, 290 U. S. 30, 54 S. Ct. 3, 78 L. Ed. 152.' * * *

"The Texas act furnishes protection against unreasonable departmental action in fixing the amount of security and guarantees due process by providing for an appeal, a trial de novo in the county or district court,

and a stay order. Art. 6701h, Section 2, Vernon's Ann. Civ. Stats., Bourjois v. Chapman, 301 U. S. 183, 57 S. Ct. 691, 81 L. Ed. 1027; Phillips v. Commissioner of Internal Revenue, 283 U. S. 589, 51 S. Ct. 608, 75 L. Ed. 1289; Stockwell v. State, 110 Tex. 550, 221 S. W. 932, 12 A. L. R. 1116; 12 Am. Jur., Constitutional Law, Section 611.

"In the suspension proceedings, the injured or damaged person is not a party and he may not participate or even be concerned with action taken by the department. Fault may be determined in a suit between the parties involved in the accident, in which suit the interested parties may marshal full evidence that will be helpful in placing blame. If fixing of fault were required, conceivably, a departmental hearing which concerns the exercise of a privilege to use public highways, may result in placing fault differently from the court or jury finding where that point is the central inquiry and all interested parties are before the tribunal. If, as is held in the cases outside of Texas, and as has long been the rule in Texas in the case of motor vehicles for hire, one who is entirely blameless and who enjoys a perfect safety record and history, may be required to furnish security before an accident and even before he may get on a highway; we find no difficulty in holding that an equally blameless person may be required to furnish security after an accident and before fault is placed. * * *''

 The question with which we are presented has already been passed upon by this Court in the case of R. L. Collins v. State, 78 So. 2d 160, but unfortunately this is a per curiam decision and no opinion was written by the Court, but the Court upheld the validity and constitutionality of the Safety-Responsibility Act of Mississippi. That case was a criminal prosecution under the provisions of the Act. Collins' driver's license had been suspended and ordered to be sent in to the Department but he refused to comply with the order. He was tried

and convicted in a justice of the peace court upon an affidavit charging him with refusal to return his driver's license to the Commissioner of Public Safety after he was involved in an automobile wreck and after the report of same had been duly filed with the Commissioner, and after due notice to post security had been sent to him as required by law, and after notice of suspension of his license had been furnished him as required by law, and after Collins had refused to return the license in violation of the provisions of Section 8285-32 (d). In that case proof was made by the proper witnesses of what the record showed in the office of the Commissioner of Public Safety with reference to the notice of the accident, the notice of suspension and Collins' failure to post the required security. On the trial of that case on appeal to the circuit court, the court refused to permit Collins to introduce evidence to show that he was not guilty of negligence in connection with the accident, and this Court upheld the action of the circuit court. We think that case is identically in point on the questions raised by the appellant in the case at bar and settles the matter contrary to the contentions of appellant. The judgment of the lower court is therefore affirmed.

Affirmed.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.