GILLESPIE, Presiding Justice:
On December 29, 1965, appellee received notice from the Department of Public Safety that his driver’s license had been revoked as of December 14, 1965, because of a conviction in the police court of the City of Jackson, Mississippi, for “driving *12 a motor vehicle under the influence of intoxicating liquor or narcotic drug.” Mississippi Code 1942 Annotated, section 8106 (1956), provides that the Commissioner of Public Safety shall revoke the license of any operator upon receipt of a duly certified record of the operator’s conviction of driving while under the influence of intoxicating liquor.
Appellee filed a petition on August 3, 1966, in the Circuit Court of the First Judicial District of Hinds County, Mississippi, asking that a writ of certiorari be issued against the Commissioner of Public Safety requiring him to certify the record and send up the proceeding in the cause at the next term of court. Certiorari was issued on August 3, 1966, to the Commissioner of Public Safety granting super-sedeas and reinstating appellee’s driver’s license pending final decision in the cause. The Commissioner was also ordered to send up all the facts and proceedings in the case.
The Public Safety Commission file contained a ticket issued to George P. Berry on November 9, 1965, charging that he had committed the offense of “driving under influence.” The ticket was signed by one J. R. Boyles, but the space for the signature of the clerk of the Police Court was left blank and undated. Markings on the back of the ticket indicated that a plea of guilty was entered and that a fine of $100 was assessed on December 10, 1965. There was no signature or court seal on the back of the ticket.
The trial judge found that no proper abstract of judgment had been received by the Department of Public Safety and his order reinstating the driving privileges of appellee was made permanent. Appellant has assigned as error the action of the trial court granting the writ of certiorari. This assignment is well taken.
The writ of certiorari is an extraordinary remedy for the review of a cause obviously entitled to review but for which no ordinary proceedings are available.
Misssissippi Code 1942 Annotated, Section 8114 (Supp.1966) provides in part that, “In all cases of revocation of driver’s license, application for a renewal or reinstatement shall be taken by the state highway safety patrol.” Section 8105 states:
When a person is denied an operator’s license * * * after filing the proper application, he shall have the right within sixty days thereafter to file a petition in the county, circuit or chancery court in the county wherein such application was filed, praying for a hearing in the matter before the judge of the court in which such application is presented, and such judge or chancellor is hereby vested with jurisdiction to hear such matters forthwith within term time or during vacation, upon five days written notice to the officer who refused to issue such operator’s license or instruction permit.
Therefore, the proper procedure in cases of revocation is for the licensee to file an application for reinstatement with the State Highway Safety Patrol. If this application is refused, the licensee can then file a petition for a hearing in the county, circuit or chancery court, and is entitled to a prompt hearing, an adequate judicial review.
Appellee failed to utilize the administrative remedy provided by statute which was then, and still is, available. In the case of Morehead v. Miss. Safety-Responsibility Bureau, 232 Miss. 412, 99 So.2d 446 (1958), this Court said: “The law is well settled that where an administrative remedy is provided by statute relief must be sought by exhausting this remedy before the courts will act.” This rule is firmly established. Davis v. Barr, 250 Miss. 54, 157 So.2d 505, 163 So.2d 745 (1963).
We are of the opinion that a writ of certiorari will not lie in this case. The *13 judgment of the circuit court is reversed and the writ of certiorari vacated.
, Reversed and rendered.
RODGERS, JONES, INZER and ROBERTSON, JJ., concur.