

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Simpson, Chairman
Committee on Insurance
Texas House of Representatives
Room 125, Reagan Building
Austin, Texas    78769

Opinion No. MW-547

Re: May compulsory liability insurance requirements be satisfied by posting security in lieu of insurance

Dear Representative Simpson:

Section 1A of article 6701h, V.T.C.S., the Safety Responsibility Law, requires that an automobile liability insurance policy covering the operation of a vehicle be in effect before the vehicle may be operated in this state. You ask whether a driver may file a bond (or a certificate of "money deposit" or "securities deposit") of at least $25,000 per vehicle with the Texas Department of Public Safety in lieu of such a policy. If so, you ask whether such bond or certificate would constitute "evidence of financial responsibility" within the meaning of the statute.

Sections 1A through 1G were added to the Safety Responsibility Law in 1981. See Acts 1981, 67th Leg., ch. 800, at 3053. Sections 1A and 1B read in part:

> Sec. 1A.  (a)  On and after January 1, 1982, no motor vehicle may be operated in this State unless a policy of automobile liability insurance in at least the minimum amounts to provide <u>evidence of financial responsibility under this Act</u> is in effect to insure against potential losses which may arise out of the operation of that vehicle.
>
> (b)  The following vehicles are exempt from the requirement of Subsection (a) of this section:
>
> (1)  vehicles exempt by Section 33 of this Act;
> (2)  <u>vehicles for which a bond or a certificate of deposit of money or securities in the minimum amount of Twenty-five Thousand Dollars ($25,000) is on file with the Department;</u>

(3) vehicles that are self-insured under Section 34 of this Act;

. . . .

Sec. 1B. On and after January 1, 1982, every owner and/or operator in the State of Texas shall be required, as a condition of driving, to furnish, upon request, information concerning evidence of financial responsibility to a law enforcement officer of the State of Texas or any subdivision thereof, or agency of the Department, or to another person involved in an accident. (Emphasis added).

There is no significant difference between "evidence" of responsibility and "proof" thereof, as those terms are used by article 6701h, V.T.C.S. Section 18 of the statute specifies:

Sec. 18. Proof of financial responsibility when required under this Act with respect to a motor vehicle may be given by filing:

1. A certificate of insurance as provided in Section 19 or Section 20; or

2. A bond as provided in Section 24; or

3. A certificate of deposit of money or securities as provided in Section 25; or

4. A certificate of self-insurance, as provided in Section 34, supplemented by an agreement by the self-insurer that, with respect to accidents occurring while the certificate is in force, he will pay the same judgments and in the same amounts that an insurer would have been obligated to pay under an owner's motor vehicle liability policy if it had issued such a policy to said self-insurer.

No motor vehicle shall be or continue to be registered in the name of any person required to file proof of financial responsibility unless such proof shall be furnished for such motor vehicle. (Emphasis added).

This provision is clearly applicable now to the requirements of section 1A although it was part of the law before the new sections were added. See Attorney General Opinion MW-442 (1982).

Prior to the enactment of the new provisions, the Safety Responsibility Law did not require liability insurance or other security as an initial condition to the use of public highways. It undertook to accomplish its purposes by requiring the deposit of security after accidents occurred. Failure to post security then resulted in suspensions of drivers' licenses and registration certificates. See Gillespie v. Department of Public Safety, 254 S.W.2d 180 (Tex. Civ. App. - Austin 1953), aff'd, 259 S.W.2d 177 (Tex. 1974), cert. denied, 347 U.S. 933 (1975). Suspensions, once imposed, could be lifted only by filing with the Department of Public Safety "proof of financial responsibility." V.T.C.S. art. 6701h, §17.

The Department of Public Safety contends that its authority to accept filings of bonds or certificates is limited to those instances where proof of financial responsibility is given after a suspension is threatened or has taken effect (under section 17). It argues that the new 1A(b)(2) subsection was intended to exempt only the vehicles of owners or operators who file a bond or certificate to lift a threatened or imposed suspension under section 17, and not as an optional alternative to insurance that is available to everyone as a means of satisfying the requirements of section 1A.

We do not agree. In our opinion it was not the intention of the legislature that the subsection (b)(2) exemption apply only to those vehicles for which bonds or certificates are filed pursuant to section 17 of the Financial Responsibility Law.

That conclusion is strengthened when we look to the manifest object of the 1981 enactment. The purpose of the act was to assure the financial responsibility of motorists for the protection of those whose lives or property might be harmed by the operation of vehicles -- a purpose similar to that of the pre-1981 requirement that persons threatened with suspension of driving privileges after an accident prove their financial responsibility before being allowed to drive again. An ability to respond in damages can ordinarily exist entirely apart from the existence of an insurance policy, and there is as much reason to allow someone to prove financial responsibility by a bond or certificate before an accident occurs as there is to allow it afterward. The same considerations which favor alternate methods of proving financial responsibility in one case are applicable to the other. The purpose of the 1981 act is to protect people, and not to sell insurance. Cf. V.T.C.S. art. 10, subdiv. 6; Lone Star Gas Company v. Sheaner, 305 S.W.2d 150 (Tex. 1957).

The Department of Public Safety suggests, however, that it has no authority to accept and file bonds or certificates of deposit under subsection (b)(2) because the new provisions set up no detailed, separate machinery for handling bonds or certificates that might be filed pursuant to section 1A. Again, we disagree. In Attorney General Opinion MW-442 (1982), the sections added to the Safety Responsibility Law in 1981 were read with already existing sections of the law to clarify their meaning. There we said, "[W]here the same word has been used elsewhere in a statute it will be given a like meaning in both instances unless there is some indication the legislature intended that it have different meanings." Such machinery is provided in sections 24 and 25 of the statute with respect to bonds or certificates of deposit filed pursuant to section 17. The legislature has not indicated that in section 1A it used the terms "bond" or "certificate of deposit" in any different sense than it used them in sections 24 and 25, nor do we believe it has done so. When read with those sections, subsection 1A (b)(2) provides sufficient standards to guide the department in administering the provision and in issuing interpretive rules and regulations. See V.T.C.S. art. 6701h, §2; Attorney General Opinion MW-467 (1982).

We conclude that a driver may file a bond or a certificate of money deposit or securities deposit of at least $25,000 per vehicle with the Texas Department of Public Safety in lieu of the automobile liability insurance policy otherwise required by section 1A of article 6701h, V.T.C.S., which bond or certificate would constitute "evidence of financial responsibility" within the meaning of that provision. Rules promulgated by the department already allow "other evidence" than an insurance policy or certificate to be accepted as proof of financial responsibility under section 1A. Rule 201.13.00.021, 7 Tex. Reg. 206-07 (1982). See Attorney General Opinion MW-467 (1982).

### S U M M A R Y

A driver may file a bond or certificate of money deposit or securities deposit with the Department of Public Safety in lieu of the automobile liability policy otherwise required by section 1A of article 6701h, V.T.C.S., which bond or certificate would constitute evidence of financial responsibility within the meaning of that provision.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Thomas M. Pollan
Bruce Youngblood