

# The Attorney General of Texas

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

4001 Texas, Suite 700
Juston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

September 17, 1986

Colonel James B. Adams
Director
Texas Department of Public Safety
P.O. Box 4087
Austin, Texas 78773

Opinion No. JM-546

Re: Whether the Texas Department of Public Safety may impound a vehicle under section 4A of article 6701h, V.T.C.S.

Dear Colonel Adams:

You question the constitutionality of section 4A of article 6701h, V.T.C.S., the Texas Motor Vehicle Safety Responsibility Law. You ask whether the Texas Department of Public Safety may, acting pursuant to section 4A, impound certain motor vehicles without violating the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. If the department may constitutionally take such action, you also ask about the proper procedure for storing and eventually disposing of impounded vehicles.

Section 4A provides:

(a) Any motor vehicle operator who is not domiciled within the United States and who operates a vehicle which is in any manner involved in an accident within the State of Texas in which any person is killed or injured or in which damage to the property of any one person, not including himself, to an apparent extent of at least One Hundred Dollars ($100) is sustained shall be taken immediately before a magistrate and there shall present proof of financial responsibility.

(b) If a person does not present proof of financial responsibility in accordance with Subsection (a), the magistrate shall enter an order directing the Department to impound the vehicle operated by the foreign domiciliary. The Department shall hold the vehicle until:

(1) a cash bond, in an amount to be determined by the magistrate, has been posted with the Department;

(2) a release has been executed by the other party or parties to the accident and the release is filed with the Department; or

(3) the Department receives certification of the entry of a final judgment of liability in the accident from a court of record.

The general purpose of the Safety Responsibility Law is to require the owners and operators of motor vehicles to discharge their financial responsibility to others for injury or damage to persons or property resulting from motor vehicle accidents in Texas. One method by which the act advances this purpose is to require owners and operators to provide security for damages pending a final determination of the questions of negligence and liability. See art. 6701h, §5. If an owner or operator fails to satisfy the conditions of the statute, he stands to lose his license and/or vehicle registration. Id. Section 4A addresses the problems presented by motor vehicle operators who are not domiciled within the United States by providing for the impounding of a motor vehicle operated by a nondomiciliary if the nondomiciliary fails to present proof of financial responsibility in accordance with subsection (a) of section 4A. See §4A(b).

You note that in Bell v. Burson, 402 U.S. 535 (1971), the United States Supreme Court held that a similar statutory scheme violated the due process clause of the Fourteenth Amendment. The statute under fire in Bell v. Burson did not, however, apply only to motorists who are not domiciled in the United States. You ask whether the due process clause applies to persons covered by section 4A of article 6701h and whether the section also raises equal protection problems. The Supreme Court has long held that aliens, even aliens whose presence in this county is deemed unlawful, are entitled to the due process of law guaranteed by the Fourteenth Amendment. Plyler v. Doe, 457 U.S. 202 (1982); Shaughnessy v. Mezei, 345 U.S. 206 (1953). Accordingly, the decision in Bell v. Burson applies to nondomiciliary motor vehicle operators who fall within section 4A of article 6701h.

In Bell v. Burson, the Supreme Court considered the constitutionality of a Georgia statute that required motorists involved in accidents to post security under penalty of loss of their drivers' licenses. The due process clause of the Fourteenth Amendment prohibits state action that deprives "any person of life, liberty, or property, without due process of law." U.S. Const. amend. 14, §1. This constitutional restraint also limits state power to terminate an entitlement, whether it is styled a property "right" or a mere "privilege." 402 U.S. at 539; see Goldberg v. Kelly, 397 U.S. 254 (1970). Recognizing that the suspension of issued licenses involves state action that adjudicates important interests of the licensees, the Court stated that, once issued, licenses are not to be taken away without procedural due process. Id. Procedural due process requires

notice and an opportunity for a hearing appropriate to the nature of the case. Bell v. Burson, 402 U.S. at 541-42. Thus, the motorists in Bell v. Burson were clearly entitled to a hearing; the vital question was the kind of hearing due process requires.

It is well established that due process requires a "meaningful" hearing. Id. Bell v. Burson turned on whether the state must provide a hearing which includes consideration of the question of the motorist's fault or liability prior to suspension of the motorist's license. Georgia argued that a hearing on liability was unnecessary because fault and liability were irrelevant to its statutory financial responsibility system. 402 U.S. at 541. The Court disagreed, noting that in the overall analysis of the statutory scheme, the determination of liability played a crucial role as to whether a motorist's license was actually suspended. Id. For example, a release executed by the injured party or parties would prevent license suspension. Id. For these reasons, the court held that

> [s]ince the statutory scheme makes liability an
> important factor in the State's determination to
> deprive an individual of his licenses, the State
> may not, consistently with due process, eliminate
> consideration of that factor in its prior hearing.

402 U.S. at 541. As will be shown in the discussion to follow, article 6701h is similar to this statutory scheme.

One of the primary purposes for the enactment of article 6701h was to require owners and operators of motor vehicles to provide security for damages pending determination of the issues of negligence and liability. Oliviera v. Texas Department of Public Safety, 309 S.W.2d 557, 560 (Tex. Civ. App. - Dallas 1958, no writ). Section 5 of article 6701h was, prior to amendment in 1975, directly analogous to the statute at issue in Bell v. Burson. Although section 5 provides for suspending licenses and vehicle registrations while section 4A provides for impounding vehicles, the procedures for the imposition of these penalties in the prior version of section 5 and in section 4A are the same. Accordingly, the Texas Legislature's response to Bell v. Burson, i.e., by amending section 5, is significant to an understanding of section 4A.

Section 5 requires owners and operators involved in certain motor vehicle accidents to submit proof of liability insurance, to otherwise post security, or to show release from liability under penalty of suspension of drivers' licenses and motor vehicle registrations. Prior to the Supreme Court's decision in Bell v. Burson, section 5 did not provide for a hearing on the issue of fault or liability prior to license and registration suspensions. See Acts 1971, 62nd Leg., ch. 944, §3, at 2868. The Texas courts stated that fault or liability under this version of article 6701h was irrelevant; a blameless motor

vehicle owner or operator could be required to furnish security for damages resulting from an accident before fault was determined. Texas Department of Public Safety v. Gillaspie, 254 S.W.2d 180, 183 (Tex. Civ. App. - San Antonio 1952), aff'd. 259 S.W.2d 177 (Tex. 1953), cert. denied 347 U.S. 933 (1954). Like the Georgia statute at issue in Bell v. Burson, however, liability ultimately influences whether a license or registration is revoked under article 6701h. See §5(b). In 1975, the Texas Legislature amended section 5 of article 6701h to provide for a hearing on the issue of liability to conform to the constitutional requirements of Bell v. Burson. See Acts 1975, 64th Leg., ch. 347, §1, at 931; see also Bill Analysis to S.B. No. 192. The legislature, however, did not amend section 4A to provide for a hearing on the issue of liability.

Although section 4A deals with impounding vehicles as security rather than with suspending drivers' licenses and vehicle registrations, similar due process considerations apply. The Supreme Court in Bell v. Burson determined that due process requirements applied because the suspension of issued licenses involves state action that adjudicates important interests of the licensees; continued possession of a license may be essential to the pursuit of a livelihood. 402 U.S. at 539. Impounding a motor vehicle is potentially even more onerous because it directly affects tangible personal property -- not simply an entitlement -- which may be essential to the pursuit of a livelihood. Consequently, the due process considerations discussed in Bell v. Burson, apply to section 4A of article 6701h.

Section 4A is similar to the pre-1975 version of section 5 and to the Georgia provision declared unconstitutional in Bell v. Burson. Section 4A does not require a hearing on the issue of fault or liability prior to the impounding of a vehicle; it authorizes impoundment regardless of whether the nondomiciliary is likely to be liable for damages or injuries. Section 4A(a) states that any nondomiciliary motor vehicle operator involved in an accident incurring injury or a certain dollar amount of property damage "shall be taken immediately before a magistrate and there shall present proof of financial responsibility." If the nondomiciliary fails to present such proof, "the magistrate shall enter an order directing the Department to impound the vehicle." Sec. 4A(b). Thus, section 4A fails to provide for a hearing on the issue of fault or liability for the injuries or damage caused prior to the impounding of a vehicle involved in an accident. Subsection (b)(2) of section 4A, however, provides that the vehicle need not be impounded if the nondomiciliary files a release of liability executed by the other party or parties to the accident. Thus, like the Georgia statute at issue in Bell v. Burson, liability ultimately determines whether a vehicle is actually impounded and whether it must remain impounded. Consequently, section 4A fails to provide the minimum procedural due process guaranteed by the Fourteenth Amendment to the United States Constitution. Because section 4A suffers fatal defects under a due process analysis, examination of

section 4A under the equal protection analysis which you suggest is unnecessary at this time.

### S U M M A R Y

Because section 4A of article 6701h does not provide for a hearing on the issue of fault or liability for a motor vehicle accident involving a nondomiciliary motor vehicle operator prior to the impoundment of the nondomiciliary's vehicle, section 4A fails to comply with the minimum procedural due process requirements of the Fourteenth Amendment to the United States Constitution.

Very truly yours,

J I M    M A T T O X
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Jennifer Riggs
Assistant Attorney General