NESBITT, Judge.
The issue before us is whether a terminated employee is entitled to unemployment compensation benefits. Finding that the record supports the conclusion of the Unemployment Appeals Commission that the employee is so entitled, we affirm.
Ms. Nein was discharged by Drs. Gentsch, Larsen, and Traad on August 3, 1979. She applied for unemployment compensation on August 26, 1979, which claim was allowed by an examiner on September 27, 1979. The employer filed an appeal of that award which was affirmed by an appeals referee. Pursuant to Section 443.07(4)(c), Florida Statutes (1979), the findings of the referee were then appealed to the Commission which also affirmed the allowance of the benefits. The employer now brings this appeal to this court as authorized by Florida Rule of Appellate Procedure 9.110(a)(2).
The sequence of events leading to Ms. Nein’s discharge was as follows:
On March 19, 1979, Ms. Nein composed a letter for a patient of the professional association stating that the patient had undergone surgical removal of a defective pacemaker because of its premature failure. Ms. Nein was not authorized to write such a letter and the act of doing so ultimately placed the professional association in an embarrassing legal dispute between the pacemaker company and the patient. The professional association first became aware of Ms. Nein’s alleged misconduct on May 23, 1979. Her annual performance evaluation was then pending. The employer decided not to discharge Ms. Nein at that time because of the length of her employment and because “she should be given the opportunity to never do it again.” The decision on her performance evaluation was postponed.
On June 28, 1979, Ms. Nein insisted upon a determination of her pending performance evaluation as a favorable report would increase her salary. She also requested that any raise be made retroactive to May when raises for other employees went into effect. Her performance evaluation culminated in a determination that she did not meet the required performance levels for which reason her employment was terminated on August 3, 1979. Ms. Nein then filed for unemployment benefits and a series of appeals leading to the instant one commenced.
We need not and do not determine whether the previous alleged act of misconduct on the part of Ms. Nein would have warranted her termination without entitlement to unemployment compensation benefits pursuant to Sections 443.06(l)(b) and 443.06(9)(a), Florida Statutes (1979).[1] Her employer chose not to utilize this act as a *804 basis for termination but waited until August 3, 1979 to discharge her for a poor performance level, which is obviously different from misconduct pursuant to the cited statute.
We are not authorized to substitute our judgment for that of the agency on disputed questions of fact. § 120.68(10), Fla.Stat. (1979); Andrus v. Florida Department of Labor and Employment Security, 379 So.2d 468 (Fla. 4th DCA 1980); Perez v. Department of Labor and Employment Security, 377 So.2d 806 (Fla. 3d DCA 1979). Here, the employers admitted and the agency found that Ms. Nein was discharged not because of the alleged act of misconduct but because of her inability to meet their performance level requirement.
Affirmed.

. 443.06 Disqualification for benefits.-An individual shall be disqualified for benefits:
(1) ...
(b) Disqualification for being discharged for misconduct connected with his work shall continue for the full period of unemployment next ensuing after having been discharged and until such individual has become reemployed
(9) For purposes of this section, misconduct includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer’s interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or