415 So.2d 155 (1982)
CO-TRAN, FLORIDA TRANSIT MANAGEMENT, INC., Appellant,
v.
Lorenzo GOODMAN and Florida Department of Labor and Unemployment Security, Unemployment Appeals Commission, Appellees.
No. 81-1213.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Catherine M. Brunson, Asst. County Atty., West Palm Beach, for appellant.
James R. Parks and Noreen S. Davis, Tallahassee, for appellee Unemployment Appeals Comn.
GLICKSTEIN, Judge.
The employer bus company, Co-Tran, Florida Transit Management, Inc., appeals an order of the Florida Unemployment Appeals Commission entitling one of the employer's employees to unemployment compensation benefits. We reverse.
Appellee-employee, a bus operator for the employer company, was required to maintain a valid chauffeur's license as a condition of employment. On an occasion prior to the incident which led to his discharge, his license was suspended and he was suspended from employment for as long as his license was invalid.
The critical incident occurred in January of 1981 when the employee, who was stopped for speeding, could not produce his chauffeur's license because, he said, he did not have it with him. In contradiction thereof the record of the State Department of Highway Safety and Motor Vehicles revealed a revocation of the employee's license in August of 1980. The employee, who denied any knowledge of the revocation, said he had been fined in Georgia in August of 1980 for driving while intoxicated, although he said he had not been intoxicated at the time. The referee, finding in *156 favor of the employer, made the following determination:
Consideration has been given to the contention that the claimant was unaware of the revocation and therefore was unable to notify the employer of same; however, this does not alter the fact that his license had indeed been revoked. While the mere fact of a suspension or revocation does not necessarily imply misconduct, the evidence in this case clearly shows that the claimant, during the course of his employment, did through an accumulation of traffic offenses cause the revocation of his license. Thus, it must be held that the claimant was discharged for misconduct connected with work.
This determination was supported by substantial, competent evidence and should have been upheld by the commission. §§ 120.57(1)(b)(9) & 443.07(4)(c), Fla. Stat. (1979); CF Chemicals, Inc. v. Florida Department of Labor & Employment Security, 400 So.2d 846 (Fla. 2d DCA 1981); Board of County Commissioners v. Florida Department of Commerce, 370 So.2d 1209 (Fla. 2d DCA 1979).
Instead, the commission overlooked the paramount fact that the employee's license had been revoked for driving violations and the common sense determination that a revocation of a bus driver's chauffeur's license for those violations was misconduct connected with work. In its order and brief the commission focused only upon the employee's uncontradicted testimony that he did not know his license had been revoked. It concluded the referee erred by finding the employee's failure to inform his employer of the revocation constituted misconduct.
The facts here indicate the employee's traffic violations caused the loss of his chauffeur's license and the commission's order required the employer to pay the discharged employee unemployment benefits. Such a decision cannot be permitted to stand. If under these circumstances the employer has to pay, then when can an employer discharge, without being obligated to pay for benefits, an employee whose repeated rules violations vitiate the basic requirements of his employment and render him useless to his employer?
REVERSED.
ANSTEAD and HERSEY, JJ., concur.