449 So.2d 382 (1984)
Ronald G. RYCRAFT, Appellant,
v.
UNITED TECHNOLOGIES and Unemployment Appeals Commission, Appellees.
No. 83-1278.
District Court of Appeal of Florida, Fourth District.
April 25, 1984.
Rehearing Denied May 22, 1984.
*383 I. Jeffrey Pheterson of Vassallo & Pheterson, P.A., Palm Springs, for appellant.
Edna L. Caruso of Edna L. Caruso, P.A., West Palm Beach, for appellee-United Technologies.
John D. Maher, Tallahassee, for appellee-Unemployment Appeals Commission.
GLICKSTEIN, Judge.
This is an appeal from an order of the Unemployment Appeals Commission which concluded appellant was properly discharged for misconduct connected with work as provided in Section 443.101(1), Florida Statutes (1983). We agree with the Commission's conclusion and affirm.
Of the two issues raised by appellant we feel that one warrants discussion; namely, whether there was competent substantial evidence of "misconduct connected with his work" described in Section 443.101(1)(a), Florida Statutes (1983).
Appellant worked for eleven years for United Technologies, performing satisfactorily for many of those years. At one point, he developed an alcohol problem, but was able to overcome it through a rehabilitative program sponsored by his employer. Upon his return, appellant's work was good enough that he was promoted twice. Two years after his last promotion, appellant began to receive poor performance appraisals, and to receive reprimands for frequent lateness. Despite requests that he not become mired in clerical tasks, appellant continued to occupy himself with them instead of the jobs he was assigned to do. His employer counseled appellant, and they developed plans to get him back on track working adequately. Although he helped formulate the plan and knew what was expected, appellant ceased to try to work with it. He felt that he should not have to prove himself any longer, and that it was not worth the effort. Appellant accepted a voluntary demotion, his employer attempting to put him in a position he could handle. He did not, however, perform at this level either, his work having a high error rate, which in turn required other employees' extra time and effort and threatened production. During this time, appellant continued to make errors, to arrive at work late, to waste his time on clerical tasks, to do personal work at his desk, and to read want ads at work. Appellant became obsessed with some perceived conspiracy to get rid of him, but refused to discuss it with his employer. The foregoing led to appellant's termination.
Appellant filed a claim for unemployment benefits, and received a positive determination from the claims adjudicator. Upon appeal, the appeals referee adopted the preceding findings of fact, but found that they did not constitute misconduct because the employer had not proven conscious deterioration of effort on appellant's part. The Unemployment Appeals Commission (UAC) reversed this conclusion as not in accord with the law, finding that although unsatisfactory work performance is not per se misconduct, it may be so where an employee is capable of adequate work but does not produce it. Also contributing to the finding of misconduct were appellant's unwillingness to attempt to improve his performance, his negative job attitude, and his continual tardiness. From the UAC's order disqualifying appellant from receiving benefits, he appeals.
While inefficiency or sub-standard performance are not misconduct where they result from inability, a different result obtains where a capable employee refuses to perform. An employee's refusal to apply himself where he is able can evidence an intentional and substantial disregard of the employer's interests. In Varig Brazilian Airlines v. Florida Department of Commerce, Division of Employment Security, 354 So.2d 921 (Fla. 3d DCA 1978), the employee would not perform certain tasks requested of him, and worked puzzles on the job after being asked to desist. *384 Additionally, he was often late or absent, and he made errors resulting in baggage being misrouted. The court found intentional and substantial disregard of the employer's interests, and reversed the finding that the employee was entitled to benefits.
The closest Florida holding on point appears to be Fort Myers Pump & Supply, Inc. v. Florida Department of Labor & Employment Security, Division of Employment Security, 373 So.2d 429 (Fla. 2d DCA 1979), in which the employee worked well for several years, but then began to resist the modernization efforts necessary to keep up with business expansion. The employee also took company materials for personal use and engaged in personal transactions on company time. As in the instant appeal, her employer spoke with her and gave her the opportunity to perform, outlining the changes that she must make in order to keep her job. When she did not make them, the company dismissed her, and the court found her conduct willful and repeated. It thereupon agreed with the application of law to the facts and disqualified the employee from receiving benefits.
Misconduct has additionally been found in cases of repeated absences and tardiness, see Hillsborough County, Department of Emergency Medical Services v. Unemployment Appeals Commission, 433 So.2d 24 (Fla. 2d DCA 1983); Sanchez v. Department of Labor & Employment Security, State of Florida, Unemployment Appeals Commission, 411 So.2d 313 (Fla. 3d DCA 1982). This court has reversed a finding of no misconduct in Co-Tran, Florida Transit Management, Inc. v. Goodman, 415 So.2d 155 (Fla. 4th DCA 1982), where a bus driver was fired because his driver's license had been revoked for traffic violations. The UAC had held him not disqualified because he claimed he did not know of the revocation, so that he had not intentionally failed to notify his employer of it. Reversing, this court inquired, "If under these circumstances the employer has to pay, then when can an employer discharge, without being obligated to pay for benefits, an employee whose repeated rules violations vitiate the basic requirements of his employment and render him useless to his employer?" Id. at 156.
The case at bar evinces an employer that bent over backward to work with its employee and avoid firing him. The company helped rehabilitate him from alcoholism, and, far from demonstrating prejudice against him because of it, demonstrated its faith in him by promoting him twice after his return. When his performance slipped, the employer counseled and demoted him rather than firing him. Given the circumstances, it is clear that appellant cost his employer money in terms of the time of other employees who had to straighten out his mistakes. His failure to conform to a reduced expectation of performance, although he helped establish and was thus well aware of it, indicates an intentional and substantial disregard of the employer's interests such as to constitute misconduct. The opposite conclusion is not supported by competent substantial evidence; accordingly the UAC was correct in reversing the referee's decision.
ANSTEAD, C.J., and LETTS, J., concur.