UPCHURCH, Judge,
dissenting.
I respectfully dissent. Under Chapter 120, Florida Statutes, and the case law interpreting it, the Commission may reject an appeals referee’s finding of fact where it is unsupported by competent, substantial evidence. Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984). Insofar as the failure to list the prior injuries is concerned, the evidence establishes that the computer scan run by the employer reflecting the employee’s actual prior medical history was dated September 18, 1985, just a few days after he was hired. Given this, the Commission properly rejected the referee’s finding that appellant discovered the omissions on the employee’s application on May 22, 1986, some eight months later. The Commission properly concluded that appellant waived its right to terminate the employee given the length of time between when it knew or should have known of the omission and when it elected to discharge the employee.
As to bringing glass containers on the job site in violation of safety rules, the evidence not only shows that the employee did not repeat such conduct after he was reprimanded but at most it reflects poor judgment on the employee’s part which does not establish misconduct as per section 443.036(24), Florida Statutes (1985). See Whitaker v. Pizza Hut, 502 So.2d 84 (Fla. 4th DCA 1987) (employee’s failure to follow proper procedure for testing pizza dough was poor judgment, not intentional disregard of employer’s interests). The Commission is entitled to draw legal conclusions from the evidence, section 120.-57(l)(b)(9), Florida Statutes (1985), and was eminently correct in finding that this evidence did not amount to misconduct.
In sum, the Commission correctly found that appellant had failed to prove misconduct which would disqualify the employee from benefits. The Commission’s decision should be affirmed.