586 So.2d 504 (1991)
Marvin L. ODOM, Appellant,
v.
UNEMPLOYMENT APPEALS COMMISSION, et al., Appellees.
No. 90-1412.
District Court of Appeal of Florida, Fifth District.
October 3, 1991.
*505 Marvin L. Odom, Cocoa Beach, pro se.
John D. Maher, Tallahassee, for appellee Unemployment Appeals Comm'n.
No Appearance for appellee Mid-Florida Freezer.
PETERSON, Judge.
Marvin Odom appeals an order of the Unemployment Appeals Commission (UAC) reversing a decision of an appeals referee awarding him unemployment benefits. We affirm.
The referee found that:
[Odom] was employed as a fork lift operator and laborer from July 1988 through October 27, 1989. The claimant had no complaints about his work performance until he had a change of supervisors during the latter part of his employment. In July 1989, the claimant had a drum spill while loading a truck and, on two separate occasions in October 1989, he miscounted the loads that he put on the trucks. On October 27, 1989, the claimant was discharged for miscounting the loads on the truck.
On appeal of the award of unemployment benefits, UAC did not disagree with the referee's factual findings but concluded that the decision was not in accordance with the law. UAC found that Odom's conduct involved more than mere carelessness or errors in judgment which have been held not to preclude eligibility for benefits. Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984) (inefficiency and substandard performance not misconduct where resulting from inability); Gentsch, Larsen, Traad v. Florida Dep't of Labor & Unemployment Security, 390 So.2d 802 (Fla. 3d DCA 1980) (employee, who was discharged because of inability to meet employer's performance level requirement, entitled to unemployment compensation). Instead, UAC stated that Odom deliberately refused to follow specific instructions regarding the method he was to use when loading trucks.
The referee concluded that the poor performance was caused by inability rather than a willful disregard of the employer's interest. During review, the UAC is bound by the findings of fact of a hearing officer so long as competent substantial evidence supports those findings. See Johnston v. Department of Professional Regulation, 456 So.2d 939 (Fla. 1st DCA 1984). Sub judice, the referee made findings that Odom occasionally made errors in his work, but concluded from those factual findings that the employer failed to make any showing that Odom, by such conduct, had willfully or wantonly disregarded his employer's interests.
The issue determinative of this cause is whether Odom's discharge was for misconduct, as found by the UAC, or for mere failure to meet the performance level expected by the employer, as found by the appeals referee. Misconduct is defined by section 443.036(26), Florida Statutes (1989):
"Misconduct" includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interests *506 or of the employee's duties and obligations to his employer.
In October 1989, when Odom undercounted by thirty-two 832 cases of fish, he was given a reprimand and told to count each and every pallet when he loaded a truck. He was also instructed to get off the forklift after loading a truck and to count the contents of the truck. Evidently, Odom failed to follow these specific instructions.[1] Approximately two weeks later, Odom loaded a truck with forty-four drums of concentrate but indicated instead that he had loaded the truck with the number required by a written order, seventy-six drums.
We believe that the UAC's decision was in accordance with the statute. One could overlook a spill caused when a drum cover dislodges or small discrepancies in counting pallets or drums loaded onto a truck, but not when the discrepancies include a failure to count about 1500 pounds of fish followed two weeks later by a tally showing seventy-six drums of concentrate when the actual count was forty-four. The latter error in counting occurred after Odom already had been given specific instructions to get off the forklift to count each and every pallet loaded. Odom admits in his brief that he had doubts that his count of the pallets of fish was accurate but that he "signed the driver out" because he knew the load was to be delivered to the same buyer and that his decision would not cost his employer any money. These remarks would be more persuasive had Odom noted his concerns when he "signed the driver out" or had immediately called the doubtful count to the attention of his employer. These actions justify a discharge for the statutory reason of intentional and substantial disregard of the employer's interest.
UAC's conclusion was correct. The employee's actions taken together evince a willful and wanton disregard of the employer's interest and a deliberate intent to refuse to follow the employer's reasonable instructions after warning, and such behavior amounts to misconduct connected with work.
AFFIRMED.
GOSHORN, C.J., concurs.
W. SHARP, J., dissents with opinion.
W. SHARP, Judge, dissenting.
I respectfully dissent. In my view, the Unemployment Appeals Commission improperly reversed the appeals referee's award of unemployment benefits to Odom.
The referee made the following findings of fact:
[Odom] was employed as a fork lift operator and laborer from July 1988 through October 27, 1989. The claimant had no complaints about his work performance until he had a change of supervisors during the latter part of his employment. In July 1989, the claimant had a drum spill while loading a truck and, on two separate occasions in October 1989, he miscounted the loads that he put on the trucks. On October 27, 1989, the claimant was discharged for miscounting the loads on the truck.
The appeals referee concluded that Odom was fired because his work performance did not meet the employer's standard. She also found that there was no showing that Odom was not working to the best of his abilities, that he was deliberately negligent in the performance of his job, that he had engaged in an act or course of conduct which violated his duties and obligations or that he showed a willful disregard of his employer's interests. Accordingly, the appeals referee determined that Odom was entitled to unemployment compensation.
On appeal, the UAC accepted the referee's factual findings. However, it concluded that her decision was not in accordance with the law. In its view, Odom's conduct involved more than mere carelessness or error in judgment, which are insufficient to preclude eligibility for benefits.
*507 "Misconduct" sufficient to disallow benefits is defined as:
(26) MISCONDUCT.  `Misconduct' includes, but is not limited to, the following, which shall not be construed in pari materia with each other:
(a) Conduct evincing such willful or wanton disregard of an employer's interests as is found in deliberate violation or disregard of standards of behavior which the employer has the right to expect of his employee; or
(b) Carelessness or negligence of such a degree or recurrence as to manifest culpability, wrongful intent, or evil design or to show an intentional and substantial disregard of the employer's interest or of the employee's duties and obligations to his employer. (emphasis supplied)
§ 443.036(26), Fla. Stat. (1989). Based on the referee's fact findings, the UAC determined that Odom had deliberately and repeatedly refused to follow his employer's specific instructions regarding the method he was to follow when loading trucks. Accordingly it held Odom was not entitled to unemployment compensation.
The courts hold that an employee's mere inability to meet the performance level expected by an employer does not amount to misconduct.[1] In contrast, the courts uphold a finding of sufficient misconduct to disqualify an employee from unemployment benefits where some willful or culpable conduct was found on the employee's part. An inference of willfulness and culpability may be based on an employee's grossly defective performance, or on a performance so fraught with errors that the fact-finder concludes they were intentional. However, this is primarily a determination for the fact-finder. Only in the most extreme cases should it become a question of law.
The record discloses that there could be two views taken of the evidence. Looking at it in the light most favorable to the appeal referee's conclusions, Odom's defalcations as an employee were relatively minor, and not deliberate. He worked very hard and put in long hours. Prior to his recent change in supervisors, he had received no complaints about his work.
The employer's witness admitted that Odom's miscounting the fish pallets on one truck did not cost the company any money. Odom explained the miscount was partially caused by the other employees on the loading dock taking off for lunch, and his foreman playing cards instead of remaining on the dock. Alone, Odom could not physically recount the pallets without unloading the truck. That would have damaged the fish, since they would not be refrigerated. He simply counted as best he could, and signed the truck out.
Odom admitted he had damaged one drum. But he testified he handled thousands of drums without damaging them. Other employees damaged many more than he did, and had more tallying errors than he did. But they were not fired.
In reviewing the findings of a referee, the UAC is bound by them so long as competent, substantial evidence supports those findings. See Johnston v. Florida Department of Professional Regulation, Board of Medical Examiners, 456 So.2d 939 (Fla. 1st DCA 1984). Sub judice, the referee found that Odom occasionally made errors in his work, but not repeatedly. She also concluded that Odom's employer failed to show that, by such conduct, Odom willfully or wantonly disregarded his employer's interests. Since there is competent evidence to support the referee's findings, the UAC is bound by them.
I would vacate the order of the UAC, and remand for adoption of the appeals referee's decision.
NOTES
[1] Earlier, Odom also failed to log the required daily maintenance check on the equipment he operated for a period of one month. When a supervisor inquired about this latter omission, Odom responded that he did not have a pencil.
[1] See Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984) (inefficiency and substandard performance are not misconduct where they result from inability); Gentsch, Larsen, Traad v. Florida Department of Labor and Unemployment Security, 390 So.2d 802 (Fla. 3d DCA 1980) (employee who was discharged because of her inability to meet performance level requirement of employer was entitled to unemployment compensation).