593 So.2d 31 (1992)
Louis RICHARDSON, Jr.
v.
MISSISSIPPI EMPLOYMENT SECURITY COMMISSION and Community Counseling Service.
No. 89-CC-0868.
Supreme Court of Mississippi.
January 15, 1992.
*32 Lawrence E. Young, Oxford, for appellant.
Jan Garrick, Jackson, for appellee.
Before ROY NOBLE LEE, C.J., and BANKS and McRAE, JJ.
ROY NOBLE LEE, Chief Justice, for the Court:
Louis Richardson, Jr. appeals to this Court from a judgment of the Lowndes County Circuit Court affirming the decision of the Mississippi Employment Security Commission, Board of Review, affirming the actions of the claims examiner and referee in disqualifying Richardson for unemployment benefits. Richardson presents the following issue for discussion by this Court:
Whether the suspension of appellant's driver's license constituted misconduct connected with work under Mississippi law, where the suspension was caused by failure to maintain personal automobile liability insurance.

FACTS
Louis Richardson, Jr. was employed with Community Counseling Service as a resident manager and detoxification specialist, from September 17, 1979, until his discharge on February 12, 1988. He was assigned to the Pines Alcohol and Drug Rehabilitation Center in Columbus, Mississippi. Richardson's employment required him to maintain a valid Mississippi driver's license.
On December 17, 1987, Richardson was placed on special probation, pursuant to the Community Counseling Service Policy and Procedure Manual, for failure to maintain acceptable work performance standards. In particular, he was cited for failure to tour and inspect the Pines premises hourly, failure to perform regular maintenance duties at the Pines facility, and failure to perform scheduled maintenance on the Pines facility van. Richardson's probationary period began on December 18, 1987, and extended until February 12, 1988.
On February 9, 1988, Richardson was notified by Community Counseling Service that they had become aware of the fact *33 that Richardson's Mississippi driver's license had been suspended and that Richardson was not to operate any of such employer's motor vehicles. Richardson testified that, unbeknown to him, his Mississippi driver's license had been suspended in November of 1987 for his failure to maintain liability insurance[1].
On February 12, 1988, Richardson was discharged from his employment with Community Counseling Service for his failure to tour and inspect the Pines premises hourly, his failure to possess a valid Mississippi driver's license and his failure to inspect the Pines recreational areas for contraband. Richardson filed a claim for unemployment compensation with the Mississippi Employment Security Commission on February 19, 1988, but the claims examiner for the Mississippi Employment Security Commission disqualified Richardson from receiving compensation benefits. On March 4, 1988, Richardson appealed his disqualification to the Mississippi Employment Security Commission Referee who conducted a hearing. By order of the commission referee, dated March 28, 1988, the Commission found Richardson ineligible for compensation benefits since his failure to maintain a valid Mississippi driver's license constituted misconduct connected with work[2].
Richardson appealed the decision of the referee to the Mississippi Employment Security Commission Board of Review which adopted the referee's findings and conclusions without modification. Thereafter, Richardson filed appeal with the Lowndes County Circuit Court which entered an order affirming the action of the Mississippi Employment Security Commission.

DISCUSSION
Richardson contends that the Mississippi Employment Security Commission erred in finding that his failure to maintain a valid Mississippi driver's license constituted misconduct connected with his work, which disqualified him from receiving unemployment compensation benefits.
Mississippi Code Annotated Section 71-5-513 A(1)(b) (Supp. 1990) provides in part that: "[a]n individual shall be disqualified for [unemployment] benefits ... for misconduct connected with his work, if so found by the commission, ... ." Id. See Piggly Wiggly v. Miss. Employment Sec. Comm'n, 465 So.2d 1062, 1064 (Miss. 1985). This Court has defined misconduct connected with work as:
[c]onduct evincing such willful and wanton disregard of the employers interest as is found in deliberate violations or disregard of standards of behavior which the employer has a right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design and showing an intentional or substantial disregard of the employer's interest or the employee's duties and obligations to his employer, came within the term. Mere inefficiency, unsatisfactory conduct, failure in good performance as the result of inability or incapacity, or inadvertence and ordinary negligence in isolated incidents, and good faith errors in judgment or discretion were not considered "misconduct" within the meaning of the statute.
Piggly Wiggly, 465 So.2d at 1064 (quoting Boynton Cab Co. v. Neubeck, 237 Wis. 249, 296 N.W. 636 (1941) (citing in Wheeler v. Arriola, 408 So.2d 1381, 1383 (Miss. 1882)). See also Miss. Employment Sec. Comm'n v. Borden Inc., 451 So.2d 222, 225 (Miss. 1984). The term misconduct imports conduct that a reasonable and fair minded person would consider to be a wanton disregard of the employer's legitimate interests. Employment Sec. Comm'n v. Phillips, 562 So.2d 115, 118 (Miss. 1990).
In the case at Bar, the Commission found that Richardson's failure to maintain a valid *34 Mississippi driver's license amounted to misconduct connected with work. Although this Court has not previously been presented with facts where an employee was terminated for failure to maintain a valid driver's license, several neighboring jurisdictions, interpreting similar unemployment compensation statutes, have been presented with such a scenario and have determined that an employee's failure to maintain a valid driver's license, where the license is required by the employer, amounts to misconduct disqualifying the employee from receiving unemployment compensation benefits.
In Mattox v. Adm'r, Div. of Employment Sec., 528 So.2d 661 (La. App. 2d Cir.1988), the Louisiana Court of Appeals for the Second Circuit held that a truck driver who had been discharged from his employment for receiving a DWI citation, while operating his own vehicle and not engaged in work for his employer, was disqualified from receiving unemployment compensation benefits since his discharge was the result of misconduct connected with his employment. The court in holding that the employee's loss of his license constituted misconduct connected with his employment stated:
While his [DWI] conviction was not assured at the time of his discharge, it was certain that within days his temporary license would expire and he would be unable to fulfill his duties as a truck driver. Also certain was the fact that the claimant's conduct would adversely affect his insurability, a vital component of his ability to function as a truck driver for commercial enterprises. His employer could not reasonably be expected to bear the high financial burden of obtaining insurance for the claimant under these circumstances.
Id. at 664.
In Co-Tran, Fla. Transit Management v. Goodman, 415 So.2d 155 (Fl.App. 1982), the Florida District Court of Appeals for the Fourth District reversed an appeals commission ruling which found that the referee erred in denying a bus driver unemployment compensation benefits as a consequence of the driver having been discharged for work-connected misconduct. In Co-Tran, a bus driver was terminated from his employment as a consequence of the suspension of his chauffeur's license for an accumulation of traffic citations. The bus driver testified that he was unaware of the suspension of his license at the time of discharge. The Florida Appeals Court, in reversing the commission and disqualifying the bus driver from unemployment compensation benefits, stated:
The facts here indicate the employee's traffic violations caused the loss of his chauffeur's license and the commission's order required the employer to pay the discharged employee unemployment benefits. Such a decision can not be permitted to stand. If under these circumstances the employer has to pay, then when can an employer discharge, without being obligated to pay for benefits, an employee whose repeated rules violations vitiate the basic requirements of his employment and render him useless to his employer?
Id. at 156.
In the case at bar, Richardson, like the bus driver in Co-Tran, contends that the fact that he was unaware that his driver's license had been suspended should preclude disqualification for benefits. That contention was unacceptable to the Florida Appeals Court, which reversed the Commission and disqualified the bus driver from unemployment compensation benefits and it is unacceptable, for the same reasons, to this court.
"The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud." Ray v. Bivens, 562 So.2d 119, 121 (Miss. 1990) (quoting Meldoy Manor, Inc. v. McLeod, 511 So.2d 1383, 1385 (Miss. 1987)). Where there is the required substantial evidence, this court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review. Ray, 562 So.2d at 121; Piggly Wiggly, 465 So.2d at 1065; Wheeler, 408 So.2d at 1384.
*35 In the case at bar it is not disputed that Richardson failed to maintain his Mississippi driver's license and that the same was required as a condition of his employment with Community Counseling Service. The Employment Security Commission Board of Review correctly determined that Richardson's failure to maintain his Mississippi driver's license amounted to misconduct connected with his work, disqualifying Richardson from receiving unemployment compensation benefits.
The judgment of the lower court affirming the order of the Mississippi Employment Security Commission is affirmed.
AFFIRMED.
HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, SULLIVAN, PITTMAN, BANKS and McRAE, JJ. concur.
BANKS, J., concurs with separate concurring opinion joined by DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ.
BANKS, Justice, concurring:
I concur in the result reached by the majority. I write separately to note that not every suspension of a driver's license, where a license is required, should result in disqualification for benefits. Under our law, one involved in an accident must obtain liability insurance or face license suspension. Miss. Code Ann. § 63-15-11 (1972). It requires no great imagination to think of a circumstance in which an employee can be involved in an accident, whether or not he is guilty of negligence, be required to obtain insurance and be unable for economic reasons to do so. Morehead v. Miss. Safety Responsibility Bureau, 232 Miss. 412, 99 So.2d 446 (1958). Such an employee should not be deemed to have engaged in wilful misconduct.
Here, Richardson alleges that his license was suspended under § 63-15-11. We do not know the circumstances of this alleged accident, nor do they matter, as long as no wilful conduct is involved. The problem is that Richardson could not say with certainty that he ever had a license during his tenure with Community Counseling Service. He knew that his license had at some point been suspended for DUI. He was unsure when, or if, it was reinstated. His contention was that driving was not a part of the duties for which he was originally hired. He apparently drove, however, in disregard of whether he had a driver's license and never informed his employer that his license was in question.
DAN M. LEE, P.J., and PRATHER and ROBERTSON, JJ., concur.
NOTES
[1] As a consequence of a previous accident not involving his employment, Richardson's Mississippi driver's license privilege was contingent on his maintenance of automobile liability insurance.
[2] The referee held that the other allegations of misconduct made by Community Counseling Service were not supported by substantial evidence.