5/20/97

IN THE COURT OF APPEALS

OF THE

STATE OF MISSISSIPPI

NO. 95-CC-00985 COA

DANIEL S. CORNACCHIONE, SR. APPELLANT

v.

MISSISSIPPI EMPLOYMENT SECURITY

COMMISSION APPELLEES

THIS OPINION IS NOT DESIGNATED FOR PUBLICATION AND

MAY NOT BE CITED, PURSUANT TO M.R.A.P. 35-B

TRIAL JUDGE: HON. RICHARD WAYNE MCKENZIE

COURT FROM WHICH APPEALED: FORREST COUNTY CIRCUIT COURT

ATTORNEY FOR APPELLANT: PRO SE

ATTORNEY FOR APPELLEE: ALBERT B. WHITE

NATURE OF THE CASE: DENIAL OF UNEMPLOYMENT COMPENSATION BENEFITS

TRIAL COURT DISPOSITION: APPELLANT DISCHARGED BASED ON MISCONDUCT

MOTION FOR REHEARING FILED:5/27/97

CERTIORARI FILED: 7/30/97

MANDATE ISSUED: 10/16/97

EN BANC.

McMILLIN, P.J., FOR THE COURT

Daniel Cornacchione appeals from a judgment of the Circuit Court of Forrest County upholding the Mississippi Employment Security Commission's decision to deny his claim for unemployment benefits. We conclude that the findings of fact made by the Board of Review were supported by substantial evidence. We also determine that the Board correctly applied the law to the facts in

reaching its determination. We, therefore, affirm the holding of the circuit court.

## I.

### Facts

Cornacchione was employed by Forrest General Hospital as a hot food production assistant. He received a back injury in 1993 but was released by his treating physician to return to light duty work. The hospital adjusted Cornacchione's duties so that he would not be called upon to lift objects weighing more than twenty pounds. However, Cornacchione complained that due to pain, he could not perform his assigned duties. A pattern emerged where he would report for duty, work only a part of his normal work day, and then leave the job complaining of pain. He produced no doctor's report or other evidence that he was seeking additional medical help for his problems, and he refused to discuss with his supervisors possible additional alterations in his work duties that might permit him to be a more dependable employee. Based upon his repeated absences and refusal to discuss his condition with his supervisors to see if some accommodation was possible, Cornacchione was sent a letter of termination. The Review Board concluded that "[t]he act of claimant refusing to talk with the personnel director concerning the reason for his refusing to work and not wanting to provide additional information does constitute willful misconduct within the meaning of the Law and claimant should be disqualified from receiving benefits." It is from this decision that Cornacchione has appealed.

## II.

### Discussion

Our scope of review in cases of this nature is limited. In matters of fact-finding, the board's conclusions are entitled to great deference. *Allen v. Mississippi Employment Sec. Comm'n,* 639 So. 2d 904, 906 (Miss. 1994). It is not the province of a reviewing court to reweigh the evidence and reach its own conclusion as to where the preponderance lies. *Id.* So long as there is substantial evidence in the record to support the findings of the commission, then this Court is obligated to affirm. *Id.*

That an employee who was terminated for misconduct connected with work is ineligible for unemployment benefits is a proposition of law. Miss. Code Ann. 71-5-513A(1)(b) (1972 & Supp. 1996). What constitutes such "misconduct" has been the subject of litigation from which the following definition has arisen:

[C]onduct evincing such willful and wanton disregard of the employer's interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employees. [citations omitted] Put another way, 'misconduct imports conduct that reasonable and fairminded external observers would consider a wanton disregard of the employer's legitimate interests.'

*Mississippi Employment Sec. Comm. v. Percy,* 641 So. 2d 1172, 1175 (Miss. 1994).

Whether Cornacchione's behavior at work leading up to his discharge was sufficiently adverse to his employer's interests to constitute "misconduct" was a question of fact resolved by the commission against Cornacchione. We cannot say it was manifestly wrong.

An employer, in the conduct of its business, must be able to determine work schedules and make task assignments to employees with some expectation that the employees will conform to the employer's directives. Included in the reasonable expectations of an employer is the idea that an employee who is unable, either temporarily or permanently, to perform his normally assigned duties will cooperate in reasonable ways with his employer in resolving problems arising from this inability. Certainly it is not unreasonable for an employer to insist that an employee who repeatedly leaves the workplace at unscheduled times for health-related complaints be prepared to demonstrate the medical necessity for such absences and to cooperate with the employer in efforts to determine if some reasonable accommodations in assigned duties might lessen the need for these unscheduled absences. In this case, it was not Cornacchione's repeated absences that the commission found to constitute misconduct, since, certainly, a person incapacitated by injury or illness cannot be expected to remain on the job. Instead, the finding of misconduct arose out of Cornacchione's inexplicable unwillingness to explore the possibility that some adjustment in his work assignment might alleviate his problems to the extent that he could complete a full work day with normal regularity. Thus, it was a combination of Cornacchione's repeated unscheduled departures from the workplace and his obstinate refusal to work with his employer to see if the difficulties causing his absences might be resolved that the commission felt demonstrated a "disregard of standards of behavior which the employer has the right to expect from his employees." *Percy,* 641 So. 2d at 1175. The commission's assessment that this behavior rose to the level of "misconduct" that would require his disqualification from unemployment benefits appears to this Court to be well within the discretion extended to the commission in matters such as this. Having so determined, this Court has no alternative but to affirm the ruling of the circuit court. *See Richardson v. Mississippi Employment Sec. Comm'n,* 593 So. 2d 31, 34 (Miss. 1992).

**THE JUDGMENT OF THE FORREST COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO THE MISSISSIPPI EMPLOYMENT SECURITY COMMISSION.**

**BRIDGES, C.J., THOMAS, P.J., COLEMAN, DIAZ, HERRING, KING, PAYNE, AND SOUTHWICK, JJ., CONCUR. HINKEBEIN, J., NOT PARTICIPATING.**