PER CURIAM.
Victor Cabrera appeals the denial of unemployment benefits. We reverse.
Cabrera was a body shop technician at Palmetto Ford where he had been employed since 1977. In 1997 Cabrera per *569 formed repairs on a customer’s van which were unsatisfactory to the customer. After the van was returned for further repairs and the employer found his explanations for the poor repair unacceptable, Cabrera was fired. Cabrera then sought unemployment benefits and the employer objected stating that he was fired for “inability to perform work/unsatisfactory work performance” and “misconduct.”
At the hearing on the objection, the evidence showed that in addition to the complaints about the van Cabrera had been orally reprimanded about his performance three to four times in the past four years and that he had received one written reprimand. The referee found Cabrera disqualified from unemployment benefits due to misconduct. Specifically, the referee found that Cabrera had the ability to perform the work requested on the van and that his failure to properly repair the van amounted to misconduct under Rycraft v. United Technologies, 449 So.2d 382 (Fla. 4th DCA 1984). The referee’s decision was affirmed by the Unemployment Appeals Commission without opinion.
Although Rycraft does state that a refusal to" perform work to the best of an employee’s ability can, in certain circumstances, evidence an intentional and substantial disregard of an employer’s interest, we do not believe that case justifies a denial of benefits here. The evidence in this case does not demonstrate an open refusal to perform, a flaunting of employer authority or a repeated failure to heed an employer’s instructions such as that set forth in Rycraft, Bozzo v. Safelite Glass Corp., 654 So.2d 1042, 1043 (Fla. 3d DCA 1995), Brownstein v. Hartwell Enterprises, Inc., 647 So.2d 1004, 1005 (Fla. 3d DCA 1994), Rubido v. Brinks, Inc., 601 So.2d 1298, 1300 (Fla. 3d DCA 1992) and cases cited therein.
Rather, the facts here demonstrate, at most, the exercise of poor judgment, an inefficiency or sub-standard performance such as that described in Barnes v. Unemployment Appeals Commission, 717 So.2d 120, 122 (Fla. 4th DCA 1998), Webb v. Rice, 693 So.2d 1109, 1111-12 (Fla. 3d DCA 1997), Smith v. Krugman-Kadi, 547 So.2d 677, 679 (Fla. 1st DCA 1989) and Lewis v. Unemployment Appeals Commission, 498 So.2d 608, 609 (Fla. 5th DCA 1986).
Because Cabrera’s conduct did not amount to misconduct under Section 443.036(26), Florida Statutes (1997), he should not have been denied unemployment benefits.
Reversed and remanded.