FARMER, J.,
concurring specially.
Although this is a close case, I agree that the decision of the Commission should *690 be upheld, but not because of the cases cited by the majority. In my opinion the facts of this case are analogous to those in Odom v. Unemployment Appeals Commission, 586 So.2d 504 (Fla. 5th DCA 1991), where a finding of misconduct was affirmed. There, after previous incidents in which he had miscounted truckloads, the referee found that the employee had been given specific instructions to leave his forklift and count every pallet loaded. The referee found that the employee’s later failure to count drums of concentrate evinced a willful and wanton disregard for employer’s interest and a deliberate intent to refuse to follow reasonable instructions after a prior warning and thus amounted to misconduct connected with work, thereby disqualifying him from benefits.
Here the employee was told more than once (but not what I would characterize as “repeated times”) to input only accident cases and to finish a specific number each day but failed to do so on more than one occasion. There is no evidence in this case, however, of “contentious and argumentative refusal to perform assigned work.” Nevertheless I feel compelled to affirm.