GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Margaret A. Brooks appeals the judgment of the Circuit Court of Lauder-dale County that affirmed the denial of unemployment benefits by the Mississippi Department of Employment Security Board of Review (“Board of Review”). Brooks argues that the Board of Review erroneously concluded that she was disqualified from receiving unemployment benefits due to misconduct related to her work. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Brooks was employed as the morning banquet cook at Northwood Country Club (“Northwood”) in Meridian, Mississippi from June 1, 1977, until March 8, 2007. Her work hours were from 7:00 a.m. until 3:00 p.m., and she was allowed a thirty-minute break for lunch. About a year and a half before the end of Brooks’s employment, Phillip Mitchell, a new executive chef, was hired. He instructed Brooks that she was not to take her lunch break until 1:30 p.m. — after the lunch rush at the country club. In the past, with the prior manager, Brooks was allowed to take her lunch break earlier than 1:30 p.m.
 

 ¶ 3. On March 8, 2007, Brooks took her lunch break at 1:15 p.m. She asked another employee to watch her station. Brooks said that she was experiencing chest pain and needed to take her break early. During her break, a member of Northwood became angry while waiting for his lunch because the cook could not be found. Mitchell heard about the incident and subsequently found Brooks on her break.
 

 ¶ 4. Mitchell claimed that Brooks became hostile when he told her that she would be suspended. He told her, “goodbye Ms. Brooks.” At that point, she asked him if she could leave, and he told her she could. At the hearing on this matter, Mitchell provided evidence of a previous written warning on October 22, 2006, which warned Brooks not to take her lunch break before 1:30 p.m. He claimed that he had records of nine written warnings given to Brooks regarding various misconduct.
 

 
 *166
 
 ¶ 5. Brooks claims that she did not hear Mitchell say anything about her suspension. She also disputes his testimony that she became hostile. She stated that Mitchell told her to get off the premises. Brooks concluded that she had been fired, and she did not return to work after leaving on March 8th. She stated that she was only aware of two written warnings of misconduct.
 

 ¶ 6. On March 11, 2007, Brooks filed for unemployment benefits. The claims examiner disqualified her for benefits on the ground that she was discharged for misconduct connected with work, citing Mississippi Code Annotated section 71-5-513(A)(1)(b) (Rev.2000). Brooks appealed, and a hearing was conducted before the administrative law judge (“ALJ”). The ALJ found that Brooks had a reasonable belief that she had been fired. The ALJ reversed the decision of the claims examiner and determined that Brooks could not satisfy the expectations of the new management; however, her actions were not done in willful or wanton disregard of the employer’s interest.
 

 ¶ 7. Northwood appealed the ALJ’s decision to the Board of Review. The Board of Review found that Brooks was aware that she was not allowed to take her break before 1:30 p.m., but she failed to get permission to take her break early. The Board of Review further held that:
 

 [We agree] with the ALJ [that] the claimant may have concluded she was discharged. However, the claimant clearly had a history of violating company policy and had been repeatedly warned about her actions. Therefore, [we are] of the opinion [that] the testimony and evidence clearly shows a pattern of negligent conduct, constituting misconduct connected with her work, and thus a deliberate disregard of the standards of behavior which the employer has a right to expect from its employees.
 

 Thus, the Board of Review disqualified Brooks from receiving unemployment benefits. The circuit court affirmed the Board of Review’s decision. Brooks now appeals the judgment of the circuit court.
 

 STANDARD OF REVIEW
 

 ¶ 8. The findings of the Board of Review as to the facts are binding on the appellate court, if supported by substantial evidence and absent fraud.
 
 Richardson v. Miss. Employment Sec. Comm’n,
 
 593 So.2d 31, 34 (Miss.1992). “Where there is the required substantial evidence, [the appellate court] has no authority to reverse the circuit court’s affirmance of the decision of the Board of Review.”
 
 Id.
 

 ANALYSIS
 

 Whether substantial evidence exists to uphold the Board of Review’s decision that Brooks was fired due to misconduct related to her work
 

 ¶ 9. Mississippi Code Annotated section 71-5-513(A)(l)(b) (Rev.2000) states:
 

 A. An individual shall be disqualified for benefits:
 

 [[Image here]]
 

 (l)(b) For the week, or fraction thereof, which immediately follows the day on which he was discharged for misconduct connected with his work, if so found by the department, and for each week thereafter until he has earned remuneration for personal services performed for an employer, as in this chapter defined, equal to not less than eight (8) times his weekly benefit amount, as determined in each case.
 

 Brooks claims that her actions in taking her break early did not constitute the misconduct referenced in the statute. North-
 
 *167
 
 wood responds that the Board of Review correctly held that Brooks’s actions on March 8th constituted willful misconduct thereby disqualifying her from benefits because Brooks had been given repeated warnings to take her break after 1:30 p.m.
 

 ¶ 10. The supreme court has defined “misconduct,” as it relates to the unemployment compensation statute, as follows:
 

 conduct evincing such willful and wanton disregard of the employer’s interest as is found in deliberate violations or disregard of standards of behavior which the employer has the right to expect from his employee. Also, carelessness and negligence of such degree, or recurrence thereof, as to manifest culpability, wrongful intent or evil design, and showing an intentional or substantial disregard of the employer’s interest or of the employee’s duties and obligations to his employer, came within the term.
 

 Wheeler v. Arriola,
 
 408 So.2d 1381, 1383 (Miss.1982) (citation omitted).
 

 ¶ 11. The evidence presented during the hearing before the ALJ supports the Board of Review’s denial of benefits. Mitchell testified that Brooks had received nine written warnings since he took his position at Northwood, just a year and a half prior to Brook’s termination. He read into the record a portion of the warning Brooks received on October 22, 2006:
 

 Ms. Brooks consistently leaves the station during volume shifts, especially on Sunday brunch. It also being [sic] a problem during regular lunch shift. Employee will be warned again not to leave her station until after 1:30 p.m. If [this] happens again, she should be suspended or terminated.
 

 ¶ 12. Brooks testified that she had been told not to take her break until after 1:30 p.m. She admitted that she took her break early on March 8, 2007. She ignored a direct instruction from her supervisor as to when she was allowed to leave her station. As a result, there was no cook on the line during the end of the lunch rush, and a Northwood member was unable to receive his meal.
 

 ¶ 13. Brooks claims that she simply could not meet the expectations of the new management, and that she should not be denied her unemployment benefits for inefficiency. However, her disregard for the lunch-break policy is unrelated to her job performance. She willfully failed to follow the simple directive to take her break after 1:30 p.m. In fact, she did so on more than one occasion. As the Board of Review found: “She knew the rule, but [she] failed to get permission to take an early break.”
 

 ¶ 14. We cannot say, from the evidence presented, that the circuit court erred in affirming the decision of the Board of Review. The Board of Review found that Brooks’s pattern of negligent conduct constituted misconduct connected with her work thereby disqualifying her for unemployment benefits under section 71-5-513(A)(1)(b). We find substantial evidence in the record to support the Board of Review’s decision. Accordingly, this issue is without merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY IS AFFIRMED.
 

 LEE AND MYERS, P.JJ., BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. KING, C.J., AND IRVING, J., DISSENT WITHOUT SEPARATE WRITTEN OPINION.