# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CC-00692-COA

SHANESE MOSLEY                                                      APPELLANT

v.

MISSISSIPPI DEPARTMENT OF                                           APPELLEE
EMPLOYMENT SECURITY

| | |
|---|---|
| DATE OF JUDGMENT: | 04/29/2016 |
| TRIAL JUDGE: | HON. ANDREW K. HOWORTH |
| COURT FROM WHICH APPEALED: | MARSHALL COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | SHANESE MOSLEY (PRO SE) |
| ATTORNEYS FOR APPELLEE: | ALBERT B. WHITE |
| | ANNA CRAIN CLEMMER |
| NATURE OF THE CASE: | CIVIL - STATE BOARDS AND AGENCIES |
| TRIAL COURT DISPOSITION: | AFFIRMED THE MISSISSIPPI DEPARTMENT OF EMPLOYMENT SECURITY'S DENIAL OF APPELLANT'S CLAIM FOR UNEMPLOYMENT BENEFITS |
| DISPOSITION: | AFFIRMED – 06/13/2017 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**IRVING, P.J., FOR THE COURT**:

¶1.     Shanese Mosley appeals the judgment of the Marshall County Circuit Court, arguing that the court erred in affirming the Mississippi Department of Employment Security's (MDES) denial of her claim for unemployment benefits.

¶2.     Finding no error, we affirm.

## PROCEDURAL HISTORY

¶3.     In April 2014, Mosley applied for unemployment-insurance benefits.  The MDES

denied her claim after determining that she had failed to meet the monetary-eligibility requirements. Specifically, MDES determined that Mosley had earned insufficient base-period[1] wages, such that her weekly benefit amount computed to an amount below the minimum weekly benefit amount required under Mississippi Code Annotated section 71-5-503 (Rev. 2011). Mosley appealed the initial decision of the MDES and was granted a hearing before an administrative law judge (AJ), who affirmed the decision of the MDES. Undeterred, Mosley then appealed to the Board of Review of the MDES, which affirmed, and then to the circuit court, which also affirmed the decision of the MDES. Mosley then appealed to the Mississippi Supreme Court.

¶4.     While Mosley's appeal was pending before the supreme court, MDES filed a motion in the supreme court, seeking a remand of the case to the MDES, so it could consider income earned by Mosley in the State of Tennessee, which had not been considered by the MDES in its initial decision. The supreme court granted the motion, vacated the judgment of the circuit court that had affirmed the decision of the MDES, and remanded the case to the MDES for further proceedings.

¶5.     After remand, the MDES took in consideration the income earned by Mosley in Tennessee and again ruled that she had earned insufficient base-period wages to establish a claim for unemployment benefits. Mosley again appealed the MDES's decision to the circuit

---

[1] "'Base period' means the first four (4) of the last five (5) completed calendar quarters immediately preceding the first day of an individual's benefit year." Miss. Code Ann. § 71-5-11(A) (Rev. 2011).

court, which affirmed, leading to the current appeal.

## DISCUSSION

¶6. Our standard of review is succinctly addressed in *Richardson v. Mississippi Employment Security Commission*, 593 So. 2d 31, 34 (Miss. 1992):

> The principle is well settled that an Order of the Board of Review on the facts is conclusive on the lower court, if supported by substantial evidence and if absent fraud. Where there is the required substantial evidence, this court has no authority to reverse the circuit court's affirmance of the decision of the Board of Review.

(Internal citations and quotation marks omitted).

¶7. Mississippi employment-security law provides for the payment of unemployment benefits to eligible persons, if the claimant meets the statutory eligibility requirements set forth in Mississippi Code Annotated section 71-5-511 (Rev. 2011). The requirement at issue is the claimant's duty to establish monetary eligibility in accordance with section 71-5-511(e) and section 71-5-503. This requires a claimant to have earned a sufficient amount of wages for covered employment with an employer during the claimant's base period. As stated, MDES denied Mosley's claim for benefits after determining that Mosley had failed to meet the monetary-eligibility requirements.

¶8. The weekly benefit amount to be paid is determined by dividing the highest quarter earnings by twenty-six and rounding the resulting figure to the next lower dollar. The minimum weekly benefit amount for an individual is thirty dollars. If an individual's weekly benefit amount computes to less than thirty dollars, then the claimant is not entitled to

3

benefits.

¶9.     Before applying for unemployment benefits, Mosley had been employed by Express Employment in Mississippi.  She had also been employed by Memphis Jewish Home and Rehab in Tennessee.  During the applicable period,  Mosley earned $369.74 at the Memphis Jewish Home and Rehab, for January through March 2013, and $482.50 at Express Employment, for April through June 2013.  Therefore, Mosley's highest quarter wages were $482, and when divided by twenty-six, it would only be an eighteen-dollar weekly benefit amount, which is less than the required minimum of thirty dollars.  Accordingly, MDES provided substantial evidence to support its decision; therefore, Mosley's claim is without merit, and the circuit court properly affirmed MDES's denial of benefits for failure to meet the monetary requirement.

¶10.    **THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS AFFIRMED.**

       **LEE, C.J., GRIFFIS, P.J., BARNES, ISHEE, CARLTON**, **FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**