744 So.2d 349 (1999)
Reggie BOLES, Appellant,
v.
STATE of Mississippi, Appellee.
No. 98-KA-00641-COA.
Court of Appeals of Mississippi.
June 22, 1999.
*350 David O. Bell, Oxford, Attorney for Appellant.
Office of the Attorney General by Pat S. Flynn, Attorney for Appellee.
BEFORE McMILLIN, C.J., IRVING, AND PAYNE, JJ.
McMILLIN, C.J., for the Court:
¶ 1. Reggie Boles has appealed from his conviction for sale of a controlled substance. He raises only one issue on appeal, which is a challenge to the sufficiency of the evidence of his guilt. We find the issue to be without merit and affirm.
¶ 2. A confidential informant and an undercover narcotics agent went in each other's company to Boles's residence in the city of New Albany, where they met Boles in the front yard. In exchange for six rocks of a substance that was subsequently tested to be crack cocaine, the agent gave Boles $100 in cash. The informant and the agent were present during the transaction. Both testified at trial and both positively identified Boles as the seller. There was also an audiotape of the transaction obtained from a transmitter concealed on the person of the agent.
¶ 3. Boles presented no witnesses in his defense except an acquaintance who attempted to impeach the confidential informant's testimony. That impeachment consisted of a claim that the witness had smoked crack cocaine with the informant in the past when the informant had, during cross-examination, denied ever having used the drug himself.
¶ 4. On appeal, Boles argues that the eyewitness identification of him as the seller was insufficient as a matter of law, since it was based on nothing more than *351 (a) the testimony of a paid confidential informant who was a proven drug user, and (b) an out-of-town undercover agent who did not know Boles personally and who testified to only seeing the seller for about five minutes on the night of the transaction at a time when it was dark.
¶ 5. When we consider a challenge to the sufficiency of the evidence, we are obligated to review all the evidence in the light most favorable to sustaining the verdict. Taylor v. State, 672 So.2d 1246, 1255 (Miss.1996). Only if we are convinced that a reasonable juror, viewing the evidence in that light, could only find the defendant not guilty may we interfere with a jury's guilty verdict. Id.
¶ 6. This Court has reviewed the transcript of the trial. The confidential informant testified to being well acquainted with Boles prior to the alleged sale. He knew where Boles resided and, in fact, drove the undercover agent to Boles's residence in his own vehicle, evidencing his familiarity with where Boles lived. He testified that he and the agent had to wait a few minutes while Boles completed a telephone conversation outside in the yard on a cordless telephone, and that he stood within touching distance of Boles while the transaction was completed. Based on his observations, the informant had no doubt that the person selling the narcotics was Boles. The undercover agent was equally as firm in his ability to identify Boles as the seller, though he admitted that he had never seen Boles before the transaction and had not seen him again until trial.
¶ 7. Additionally, one of the backup police officers who testified to listening to the radio transmission of the transaction claimed that he had subsequently become familiar with Boles's voice and that he could identify one of the voices in the tape as being that of Boles. Such evidence is admissible for purposes of identification. M.R.E. 901(b)(5).
¶ 8. The fact that the confidential informant was being paid for his services is certainly a matter that the jury may consider in weighing what credibility to assign to the informant's testimony, but that fact does not necessarily render the informant's testimony inherently unbelievable. Boles further overstates his case when he asserts, as a matter of fact, that the informant was a drug user, since the evidence on that point was in conflict. However, even assuming for sake of argument that the jury accepted Boles's witness's report of prior drug use by the informant, that would not require the informant's testimony concerning the events of this particular drug transaction to be rejected by the jury. The jurors, sitting as finders of fact, are charged with the responsibility of listening to all the evidence, including impeachment evidence that might affect a particular witness's credibility, and then determining what weight and worth to assign to the evidence. McClain v. State, 625 So.2d 774, 781 (Miss.1993). Only if a witness is impeached to the extent that his testimony is rendered highly improbable or incredible is that witness's testimony deprived of any probative value.
¶ 9. In this instance, we do not find the State's two eyewitnesses so substantially impeached as to render them unworthy of belief. There was a significant body of evidence implicating Boles in this transaction. It is apparent from the jury's verdict that the jury accepted that evidence as true. It is not our responsibility to substitute our own view on that question for that of the jury, even were we so inclined, which, in this case, we are not. Burrell v. State, 613 So.2d 1186, 1192 (Miss.1993).
¶ 10. We find that there was more than sufficient evidence to prove beyond a reasonable doubt that Boles sold crack cocaine to the undercover agent in this case in the presence of a confidential informant who was well acquainted with Boles and who could readily identify him. That being the case, there is no basis to disturb the jury's verdict in this case.
*352 ¶ 11. THE JUDGMENT OF THE CIRCUIT COURT OF UNION COUNTY OF CONVICTION OF SALE OF COCAINE AND SENTENCE OF TWENTY YEARS WITH FOUR YEARS SUSPENDED AND SIXTEEN TO SERVE IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO UNION COUNTY.
KING AND SOUTHWICK, P.JJ., BRIDGES, COLEMAN, DIAZ, IRVING, LEE, PAYNE, AND THOMAS, JJ., CONCUR.