GRIFFIS, J.,
 

 for the Court.
 

 ¶ 1. Richard Tucker (“Richard”) appeals the judgment of the Circuit Court of Madison County which affirmed the denial of unemployment benefits by the Mississippi Department of Employment Security (“MDES”) Board of Review. On appeal, Richard argues that: (1) MDES went beyond the scope of its power and violated his constitutional rights by considering the testimony of the defendant, Betty Tucker (“Betty”); and (2) the Board of Review’s finding that he voluntarily left work without good cause was not supported by substantial evidence, was made in the presence of fraud, and was arbitrary and capricious. We find no error and affirm.
 

 FACTS
 

 ¶ 2. Richard worked at Clean Source, Inc., for two years. His mother, Betty, owns the company. Prior to working at Clean Source, Richard worked for Betty for ten years at another janitorial service. Richard testified that in March 2007, Betty changed the locks to Clean Source and told him that he did not work there anymore. Betty claims that she changed the locks because Richard came to her house and gave her two weeks’ notice of his intent to quit. Betty said she had to change the locks because Richard had stolen things from Clean Source when he previously quit. Richard admits he went to Betty’s house and had an “emotional discussion” with her about her decision to take one of his accounts, Virginia College, away from him. He claims that he did not give two weeks’ notice but did ask if Betty wanted him to give two weeks’ notice.
 

 ¶ 3. Thomas Tucker, Betty’s husband and Richard’s father, testified that he was present during the conversation between Richard and Betty. Thomas testified that Richard gave Betty two weeks’ notice of his intention to quit. Silas Stapleton, a Clean Source employee, testified that Richard called him and said he had given his two weeks’ notice. Additionally, Sheryl Jones, Richard’s ex-wife, testified that Richard told her he had quit his job over the Virginia College account. Stephanie Tucker, Richard’s current wife, was not present during the conversation, but she testified that Betty had fired Richard.
 

 ¶ 4. The crux of Richard’s claim is that Betty’s testimony is not credible because she lied to the administrative law judge (“ALJ”). Shortly before the hearing and off the record, the ALJ and Betty discussed some papers that Richard wanted the judge to consider. Richard mailed this packet of information to Betty by certified mail. On the record, the ALJ stated: “I telephoned Ms. Betty Tucker and asked her if she had received the documents. She advised me that she had not.” The ALJ faxed the documents to Betty prior to the hearing and allowed them into the record.
 

 ¶ 5. Later the same day, Richard received the return receipt, with “Betty Tucker” on the signature line, postmarked a day earlier. Presumably, Clean Source had received the packet prior to the hearing.
 

 STANDARD OF REVIEW
 

 ¶ 6. The findings of the Board of Review as to the facts is binding on the appellate court, if supported by substantial evidence and absent fraud.
 
 Richardson v. Miss. Employment Sec. Comm’n,
 
 593 So.2d 31, 34 (Miss.1992). ‘Where there is the required substantial evidence, [the appellate court] has no authority to reverse the cir
 
 *926
 
 cuit court’s affirmance of the decision of the Board of Review.”
 
 Id.
 

 ANALYSIS
 

 1. Did MDES go beyond the scope of its power and violate Richard’s constitutional rights by considering the testimony of the defendant, Betty?
 

 ¶ 7. Richard alleges that MDES violated his right to a fair and impartial hearing by considering Betty’s testimony after it was informed that she gave “false information at the hearing.” He claims this shows that the agency demonstrated an uneven view favorable to Betty. We do not agree.
 

 ¶ 8. In making this determination, this Court can rely only on the record. While the ALJ paraphrased his conversation with Betty on the record, the questioning was not under oath or on the record. The ALJ stated: “I telephoned Ms. Betty Tucker and asked her if she had received the documents. She advised me that she had not.” This Court has no way of knowing the exact phrasing of the questions or how it could have affected Betty’s answer concerning the receipt of documents. While there is a postmark on the return receipt, there is no date of receipt. Based on what is in the record, we cannot find that Betty knowingly made false statements to the ALJ.
 

 ¶ 9. Even if Betty was not truthful when the judge asked her about the documents, it does not mean that the Board of Review could not consider her testimony. “Only if a witness is impeached to the extent that his [or her] testimony is rendered highly improbable or incredible is that witness’s testimony deprived of any probative value.”
 
 Boles v. State,
 
 744 So.2d 349, 351(¶ 8) (Miss.Ct.App.1999).
 

 ¶ 10. Betty’s testimony was corroborated by three other witnesses. Thomas testified that he heard Richard give two weeks’ notice, and Stapleton and Jones both testified that Richard told them he had resigned. The Board of Review had the opportunity to consider Richard’s allegation that Betty had lied and to determine the probative value of her testimony. This issue is without merit.
 

 2. Was the Board of Review’s finding that Richard voluntarily left work ivithout good cause supported by substantial evidence, made in the presence of fraud, or arbitrary and capricious ?
 

 ¶ 11. Richard contends that the circuit court erred when it affirmed the Board of Review’s finding that he voluntarily left work without good cause, because the finding was: (1) not supported by substantial evidence, (2) made in the presence of fraud, and (3) arbitrary and capricious. Richard argues that he did not voluntarily quit; rather, he was discharged.
 

 ¶ 12. The supreme court “has held on numerous occasions that the question of whether an employee voluntarily quits or was discharged is a question of fact for the [agency] to determine.”
 
 Huckabee v. Miss. Employment Sec. Comm’n,
 
 735 So.2d 390, 394(¶ 14) (Miss.1999). Accordingly, this Court is bound by the Board of Review’s finding of fact that Richard voluntarily quit his employment without good cause as long as such finding is supported by substantial evidence, absent fraud, and the correct legal standard has been applied.
 

 ¶ 13. “Substantial evidence has been defined as ‘such relevant evidence as reasonable minds might accept as adequate to support a conclusion’ or to put it simply, more than a ‘mere scintilla’ of evidence.”
 
 Hooks v. George County,
 
 748 So.2d 678,
 
 *927
 
 680(¶ 10) (Miss.1999) (quoting
 
 Johnson v. Ferguson,
 
 435 So.2d 1191, 1195 (Miss.1983)). Here, there were four witnesses who testified that Richard voluntarily quit his job with Clean Source. Betty testified that Richard gave her his two weeks’ notice. Thomas testified that he was present and heard Richard give Betty his two weeks’ notice. Jones and Stapleton testified that Richard told them he had resigned. Richard even testified that he had asked if Betty wanted him to give her two weeks’ notice. We can only presume that he would give his two weeks’ notice if he were voluntarily resigning.
 

 ¶ 14. The Board of Review’s finding that Richard voluntarily left work without good cause was supported by substantial evidence and was not arbitrary and capricious. We find that this issue lacks merit.
 

 ¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF MADISON COUNTY IS AFFIRMED. ALL COSTS OF THE APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.